IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

| | |
|---|---|
| Richard Brewer, Jean Carol Lane, §<br>And the Texas Division, §<br>Sons of Confederate Veterans, Inc., §<br>Plaintiffs, §<br>§<br>v. §<br>§<br>Ron Nirenberg, §<br>In His Official Capacity as §<br>Mayor of the City of San Antonio, and §<br>Roberto Trevino, William Shaw, §<br>Rebecca Viagran, Rey Saldana, §<br>Shirley Gonzales, Greg Brockhouse, §<br>Ana Sandoval, Manny Pelaez, §<br>John Courage, and Clayton Perry, §<br>In Their Official Capacities as §<br>Members of the San Antonio §<br>City Council, §<br>Defendants. §| Civil Action No. 5:17-cv-00837 |

**PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER**

### A. INTRODUCTION

1.  Plaintiffs are RICHARD BREWER, JEAN CAROL LANE, and TEXAS DIVISION, SONS of CONFEDERATE VETERANS, INC.; defendants are RON NIRENBERG, in his OFFICIAL CAPACITY as MAYOR of the CITY of SAN ANTONIO, and ROBERT TREVINO, WILLIAM SHAW, REBECCA

VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PELAEZ, JOHN COURAGE, and CLAYTON PERRY in their OFFICIAL CAPACITIES as MEMBERS of the SAN ANTONIO CITY COUNCIL.

2. Plaintiffs sued defendant for (1) attempted trespass to land, (2) breach of an easement *en pais* over the Confederate Monument in Travis Park, and (3) abridgement of Free Speech and Due Process. A copy of the original complaint is attached as Exhibit A.

3. Plaintiffs allege that defendants have made concrete plans and have publicly announced that defendants plan to remove the Confederate Monument in Travis Park immediately after the San Antonio City Council meeting scheduled for Thursday, August 31, 2017, at 2 p.m.

4. An affidavit that proves the allegations in this motion for temporary restraining order is attached and incorporated by reference.

## B. ARGUMENT

5. Plaintiffs will likely suffer imminent injury, if defendants are not immediately restrained from removing the Travis-Park Confederate Monument. Fed. R. Civ. P. 65(b)(1); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Defendants have publicly announced that they plan to remove the Confederate Monument after their scheduled meeting on Thursday, August 31, 2017, at 2 p.m. The removal of the Monument will

abridge plaintiffs' free speech and create irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

6. Plaintiffs will suffer irreparable injury, because the defendants will remove the Confederate Monument. Fed. R. Civ. P. 65(b)(1); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The loss of First Amendment interests were either threatened or in fact being impaired at the time relief was sought. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The Monument communicate minority political speech that the City has agreed to has been promoting for over a century. The removal would abridge plaintiffs' constitutional right to core political speech.

7. Defendants' removal of the Monument will abridge the political speech of the monuments. Defendants are state actors who are ordaining the political meaning of political symbols in a public forum. This government determination of political symbols in a public forum without a showing of any compelling interest in making the determination and without due process is a continuing irreparable harm, as contemplated under *Texas v. Johnson*, 491 U.S. 397, 397-98 (1984) and *Elrod*, 427 U.S. at 373.

8. There is no adequate remedy at law, because any legal remedy would be merely illusory. *Northern Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984). The denial of free speech and due process

cannot be readily reduced to monetary damages. The only adequate remedy to the abridgment of free speech is the injunctive demand to resume the abridged free speech and to provide the denied due process.

9. There is a substantial likelihood that the plaintiffs will prevail on the merits. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). Case law on this issue clearly shows that government actors may not enforce their own interpretation of political messages on political symbols in a public forum. *Johnson*, 491 U.S. at 415. Plaintiffs are confident that the Court will agree defendants' abridging the long-standing tradition of political speech in a public forum should be remedied by the Court's authority.

10. The on-going harm to plaintiffs outweighs the harm that a temporary restraining order would inflict on defendant. *Winter*, 555 U.S. at 24; *Yakus v. United States*, 321 U.S. 414, 440 (1944). Plaintiffs will experience immediate and irreparable harm by the denial of political speech communicated by the Monument. *Elrod*, 427 U.S. at 373. Defendant will suffer no harm by allowing the Monument to stand.

11. Issuance of a temporary restraining order would not adversely effect the public interest and public policy, because issuance of the order would serve the public interest. *See Winter*, 555 U.S. at 24-26. Indeed, the benefit to third parties would be enormous, as the Monument to a historic event poses no actual harm. Indeed, the order would mark the end of the

Orwellian terror that defendants are attempting to inflict on the citizens of San Antonio.

12. Plaintiffs are willing to post a bond in the amount the Court deems appropriate. However, plaintiffs are filing this cause in the public interest and request that the Court order no or a nominal bond. *Kaepa, Inc., v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Firstly, defendant stands in no financial risk by the issuance of the requested injunction. And secondly, plaintiffs are suing in the public interest and stand to recover no damages in this action.

13. The Court should enter this temporary restraining order without notice to defendant, because plaintiffs will likely suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard and there is no less drastic way to protect plaintiffs' interests. Fed. R. Civ. P. 65(b)(1); *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 106 (2d Cir. 2009); *see also Benchbook for U.S. District Court Judges*, at 239. Defendants have already secured a contractor and announced that the City Council will vote to remove the Monument. The removal will occur shortly thereafter. Plaintiffs have reason to believe that defendants will accelerate the removal, if defendants know that this Court is contemplating an injunction to protect the Monument.

14. Plaintiffs ask the Court to set the request for a preliminary injunction hearing at the earliest possible time.

## C. CONCLUSION

15.  Defendants have publicly announced their plans to remove the Travis-Park Monument within twenty-four hours. In removing the Monument, defendants will abridge plaintiffs' constitutional guarantees of political speech and due process. Moreover defendants do not possess title to the Monument's land, nor may defendants remove the Monument under the doctrine of estoppel *en pais*. Plaintiffs have serious concerns that defendant state actors' Orwellian agenda will continue without intervention of the Court.

## D. PRAYER

16.  For these reasons, plaintiffs ask that the Court do the following:

    a. Order that the City of San Antonio not remove the Travis-Park Confederate Monument;

    b. Enter judgment for plaintiffs;

    c. Award attorney costs to plaintiffs;

    d. Award costs of suit to plaintiffs; and,

    e. Grant any other relief the Court deems appropriate.

August 30, 2017

                                Respectfully submitted,

                                By: /s KIRK DAVID LYONS
                                Texas Bar No. 12743500
                                P.O. Box 1235
                                Black Mountain, N.C. 28711
                                E-mail kdl@slrc-csa.org
                                Tel. (828) 669-5189
                                Fax (828) 669-5191

## CERTIFICATE OF SERVICE

I certify that on August 30, 2017, a copy of this Plaintiff's Motion for Temporary Restraining Order was hand delivered on all defendants at their offices in San Antonio City Hall, 100 Military Plaza, Fourth Floor, San Antonio, Texas 78205.

                                /s KIRK DAVID LYONS
                                Texas Bar No. 12743500
                                P.O. Box 1235
                                Black Mountain, N.C. 28711
                                E-mail kdl@slrc-csa.org
                                Tel. (828) 669-5189
                                Fax (828) 669-5191

| | |
|---|---|
| STATE OF NORTH CAROLINA | § |
| | § |
| BUNCOMBE COUNTY | § |

### AFFIDAVIT OF KIRK DAVID LYONS

Before me, the undersigned notary, on this day personally appeared Kirk David Lyons, affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Kirk David Lyons. I am competent to make this affidavit. The facts stated in this complaint are within my personal knowledge and are true and correct.

2. I have been reading news articles, talking with witnesses, and reading statements made by the parties in this matter."

KIRK DAVID LYONS

SWORN TO and SUBSCRIBED before me by Kirk David Lyons on August 24, 2017.

Notary Public in and for
The State of North Carolina

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS,
# SAN ANTONIO DIVISION

| | |
|---|---|
| Richard Brewer, Jean Carol Lane, And the Texas Division, Sons of Confederate Veterans, Inc., Plaintiffs, | § § § § § |
| v. | § § |
| Ron Nirenberg, In His Official Capacity as Mayor of the City of San Antonio, and Roberto Trevino, William Shaw, Rebecca Viagran, Rey Saldana, Shirley Gonzales, Greg Brockhouse, Ana Sandoval, Manny Pelaez, John Courage, and Clayton Perry, In Their Official Capacities as Members of the San Antonio City Council, Defendants. | § § § Civil Action No. 5:17-cv-00837 § § § § § § § § § |

## TEMPORARY RESTRAINING ORDER

After considering plaintiffs', RICHARD BREWER, JEAN CAROL LANE, and TEXAS DIVISION, SONS of CONFEDERATE VETERANS, INC., application for a temporary restraining order against defendants RON NIRENBERG, in his OFFICIAL CAPACITY as MAYOR of the CITY of SAN ANTONIO, and ROBERT TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE,

ANA SANDOVAL, MANNY PELAEZ, JOHN COURAGE, and CLAYTON PERRY in their OFFICIAL CAPACITIES as MEMBERS of the SAN ANTONIO CITY COUNCIL, as well as the pleadings, the Court FINDS as follows:

1. Plaintiffs will likely suffer the following immediate and irreparable injury, loss, or damage: constitutional injury due to abridgment of free speech and due process.

2. This injury is irreparable, because the denial of free speech admits to no temporal remedy.

3. This ex parte order is granted without notice to defendants, RON NIRENBERG, ROBERT TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PELAEZ, JOHN COURAGE, and CLAYTON PERRY, because defendants have publicly announced their intentions and have committed City resources to the removal of the Monument.

For these reasons, the Court ORDERS the following:

4. Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting in concert with them be restrained from removing the Confederate Monument in Travis Park.

5. The clerk to issue notice to defendants, that the hearing on plaintiffs' request for preliminary injunction is set for _____, 2017, at _____ a.m./p.m.

6.     Plaintiff is to post bond in the amount of $_____.

This order will expire on _____, 2017.

SIGNED on _____, 2017, at _____ a.m./p.m.

_____
U.S. DISTRICT JUDGE

APPROVED & ENTRY REQUESTED:

/s KIRK DAVID LYONS
Texas Bar No. 12743500
P.O. Box 1235
Black Mountain, N.C. 28711
E-mail kdl@slrc-csa.org
Tel. (828) 669-5189
Fax (828) 669-5191