IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Richard Brewer, et. al., § | |
|    Plaintiffs § | |
| § | |
| *v*. § | SA-17-CV-00837-DAE |
| § | |
| Ron Nirenberg, et. al, § | |
|    *Defendants* § | |

### Defendants' Response to Plaintiffs' Motion for Temporary Restraining Order

Now come Defendants, Ron Nirenberg, et. al., and file this their Response to Plaintiffs' Motion for Temporary Restraining Order and would show unto the Court as follows:

The August 28, 2017 agenda for the San Antonio City Council includes an item to vote on the removal of Confederate war memorial from the City park known as Travis Park. On August 29, 2017, Plaintiffs filed this suit and a Motion for temporary restraining order Preventing that action. Plaintiffs' motion should be denied because their pleading establishes none of the elements of a temporary restraining order.

 1.     **Plaintiffs' have failed to allege any facts indicating that they have standing**.

To establish standing to bring suit, a plaintiff must allege personal injury fairly traceable to the defendant's alleged unlawful conduct which is redressable. Hein v Freedom for Religion Foundation, Inc. 551 U.S. 587, 127 S.Ct. 2553. While Plaintiffs plead alleged causes of action, they do not relate any of those actions to a personal injury they have or will suffer. Plaintiffs do not allege that they are residents of the City of San Antonio, that they are tax payers of the City of San Antonio, or that they have any property interest in Travis Park or the monument at issue here. Plaintiffs identify themselves merely as "residents of the state of Texas." Even if there

were pleadings that Plaintiffs are tax payers of the City of San Antonio, there is no basis to support their standing as taxpayers to bring this suit. A taxpayer may only bring suit in that capacity in a very narrow set of circumstances. *See Flast v Cohen*, 39 2 U.S. 83, 88 S.Ct. 1942 (1968)

Plaintiffs are claiming an easement interest in Travis Park where the monument is placed, however, they do not allege that they are owners of any such easement. Also, to the extent that they may be claiming the property was dedicated for public expression, they make no allegation that removal of the monument will harm that purpose.

2. **Defendants' are not proper parties to this suit.**

A city acts through the legislative powers of its government body. In the case of San Antonio, that body is the San Antonio City Council. A legislative body acts as a whole, not as individual members, and when actions are taken by the legislative body, it is improper to view the members in an individual capacity. In the present case, the activity of the named defendants ends with the vote on the ordinance. To the extent that Plaintiffs are in fact attempting to impede the legislative process, which can be assumed based on the Defendants they have sued, such action is precluded through the doctrine of separation of powers.

3. **No likelihood of Success on the Merits**

Plaintiffs have alleged three bases for their suit –that the City does not have title to Travis Park, that the monument is an easement protected under the doctrine of estoppel en pais, and that the City's action is an abridgement of Plaintiffs' Free Speech and Due Process rights. As will be shown below, Plaintiffs' claims are without merit.

Def's Resp. to TRO
*Brewer, et. al. v Nirnberg, et. al.*
Page **2** of **7**

    a.    **City does own Travis Park**

Plaintiffs' first argument is based on a theory that since the City cannot produce a deed of ownership of Travis Park, the City does not own it. This position is belied by Plaintiffs own pleading which recognizes that the prior owner of the Property, Mary Maverick, recorded a transfer of the property to the City in 1888. There is no dispute that the City has possessed that property since 1888. In fact, in 1953, a descendent of Mary Maverick sued the City, challenging its ownership of the property. In that suit, the descendant conceded that the City had maintained Travis Park for approximately one hundred years as a public park. The Court noted that the descendants of the prior owner were "attempting to win on the weakness of the appellee's title. . . Appellants must win, if at all, upon the strength of their own title and not upon the weakness of that of appeal." ***Green v City of San Antonio***, 282 S.W.2d 769, 772 (1955- San Antonio, *writ ref'd. n.r.e.*) If the descendants of the prior owner were unable to prove the City did not own Travis Park, Plaintiffs, who have no property interest in the park cannot be successful. Additionally, the opinion cited by Plaintiffs states that recording of a deed is not essential to conveyance of a title. ***Thornton v Rains,*** 299 S.W.2d 287, 288, (Tex. 1957). Their authority also stands for the proposition that the challenge to a conveyance must be brought by a person with a provable competing interest in the property. This does not exist in the present case. Furthermore, such action must be brought as a trespass to try title action, subject to Tex. Prop. Code Chapter 22.

    Plaintiffs also attempt to make an argument based on the theory of adverse possession. Plaintiffs first contend that since the City did not record a deed of ownership prior to the erection of the monument, limitations has expired. In fact, Tex. Civ. Prac. & Rem. Code 16.030 provides

Def's Resp. to TRO
*Brewer, et. al. v Nirnberg, et. al.*
Page **3** of **7**

that a person may not obtain property through adverse possession which has been dedicated to public use.  Section 16.027, also cited by Plaintiffs, is irrelevant to the issues at bar.

      b.      **No Easement Issue**

Plaintiffs next contend that the City cannot remove the monument because it is an easement and protected under the doctrine of estoppel *en pais*.  Plaintiffs' contend that "the Daughters of the Confederacy . . . relied on the city's representation."  The Daughters of the Confederacy are not a party to this suit.  Again, Plaintiffs allege no fact that they have any property interest in such an easement, if one exists, and thus lack standing to bring this claim.

To the extent that Plaintiffs are contending that the property at issue has been set aside for the purpose of public expression, there is no allegation that the property will not continue to be held open for that purpose.  Accordingly, there is no chance of success on the merits on the Plaintiffs' easement theory.

      c.      **No Abridgement of Free Speech or Due Process**

Plaintiffs assert that removing the monument is somehow a suppression of their free speech rights.  Plaintiffs offer no facts to support this theory.  Plaintiffs cite to **Texas v Johnson**, 491 U.S. 397 (1984) for the proposition that a government may "have no interest in determining the message, or referent, of political symbols."  Plaintiffs' reliance on Johnson is misplaced.  The more relevant case to the issue before the Court is **Pleasant Grove City, Utah v Summum**, 555 U.S. 460,  129 S.Ct. 1125 (2009).  In *Summum*, the Supreme Court recognized a city's right exercise government speech, and that such speech is not subject to scrutiny of the Free Speech Clause.  In that case, the City refused to allow a private group to erect a religious monument in a

Def's Resp. to TRO
*Brewer, et. al. v Nirnberg, et. al.*
Page **4** of **7**

city park.  The Court held that in allowing placement of monuments in public parks, a city is exercising its government speech, and does not violate a group's free speech rights in refusing to erect a monument.  In a similar manner, while the will of the City in the 1890's may have been to recognize Confederate veterans through the erection of the monument, the government speech of the City today, if the ordinance passes, is not to express a similar message.  This in no ways hinders Plaintiffs' exercise of their own free speech rights.  Plaintiffs allege that removal of the monument will abridge the free speech rights of the monument – a monument has no free speech rights.

To the extent that Plaintiffs are alleging that their due process rights have been violated, they fail to allege any facts support this contention. In fact, the allegations indicate that the decision to remove the monument is being presented at an open meeting of the City Council after an opportunity for citizens to be heard.  Plaintiffs fail to identify how this violates their due process rights. Indeed, Plaintiffs seek to invoke the power of the federal judiciary to impede the legislative process, which is the embodiment of due process.

**4.      No Irreparable Harm**

Plaintiffs Motion also fails as there is no evidence of irreparable harm to them.  Even if Plaintiffs could succeed on any of their plead claims, the only action taken is the removal of the monument from the park.  The monument will not be destroyed but will be stored.  If, after a full trial in this matter it is deemed that the monument should not be have been removed, it can easily be replaced.  There is no pending action to destroy it.  Absent irreparable harm, Plaintiffs are not entitled to the extraordinary relief sought.

Def's Resp. to TRO
*Brewer, et. al. v Nirnberg, et. al.*
Page **5** of **7**

Plaintiffs also contend that the harm to Plaintiffs outweighs the harm to Defendants, This is incorrect.  As stated above, there is no harm to these Plaintiffs.  Issuing a restraining order inflicts irreparable harm on the city because it thwarts the legislative process and the will of lawfully elected political leaders of the City of San Antonio.

5.      **Objection to Affidavit of Kirk David Lyons**

City of San Antonio objects to the affidavit of Kirk David Lyons on the basis that said affidavit is not based on personal knowledge, but indicates Mr. Lyons' knowledge is solely reliant on hearsay and it contains no facts within his personal knowledge.

Wherefore, premises considered, Defendants pray this Court deny Plaintiffs' Motion for Temporary Restraining Order in all things.

        Respectfully Submitted,

        CITY OF SAN ANTONIO

        Office of the City Attorney

        Litigation Division
        111 Soledad St., 10th Floor
        San Antonio, Texas  78205

        /s/
        Deborah Lynne Klein
        Deputy City Attorney, Litigation
        Bar No:  11556750
        (210) 207-8919/ (210) 207-4357 Fax
        deborah.klein@sanantonio.gov

Def's Resp. to TRO
*Brewer, et. al. v Nirnberg, et. al.*
Page **6** of **7**

FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas  78283-1121
(210) 207-7259
(210) 207-8997 – facsimile

_____/s/_____
SHAWN FITZPATRICK
SBN 00787474

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on August 31, 2017.

Kirk David Lyons
P.O. Box 1235
Black Mountain, North Carolina  28711

_____/s/_____
DEBORAH LYNNE KLEIN

Def's Resp. to TRO
*Brewer, et. al. v Nirnberg, et. al.*
Page **7** of **7**