UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, JEAN CAROL LANE, TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., | §<br>§<br>§<br>§ | No. SA:17–CV–837–DAE |
| Plaintiffs, | §<br>§ | |
| vs. | §<br>§ | |
| RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, JOHN COURAGE, CLAYTON PERRY, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants.<br>_____ | §<br>§<br>§ | |

ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER WITH DIRECTION TO DEFENDANTS

Before the Court is Plaintiffs Richard Brewer, Jean Carol Lane, and

the Texas Division Sons of Confederate Veterans, Inc.'s ("Confederate Veterans")

(collectively, "Plaintiffs") Motion for Temporary Restraining Order ("TRO").

(Dkt. # 2.)  Plaintiffs' motion requests that the Court immediately restrain

Defendants—the Mayor of San Antonio, Texas, and ten members of the San

Antonio City Council—from removing a Confederate Monument ("the

Monument") located in Travis Park in downtown San Antonio.  (Id.)  A hearing

was held on this matter on August 31, 2017.  At the hearing, Plaintiffs were

telephonically represented by Kirk David Lyons and in person by James Chapman.

Defendants were represented by Deborah Klein.

      After careful consideration of the memoranda in support and in

Opposition to the motion, and the arguments of counsel at the hearing, the Court,

for the reasons that follow, **DENIES** the motion for a TRO **WITH DIRECTION**

**TO DEFENDANTS**.

BACKGROUND

      The Confederate Veterans is an organization dedicated to preserving

the memory of Americans who fought for the Confederacy during the Civil War.[1]

(See Dkt. # 1.)  According to the Confederate Veteran's website, its membership is

limited to male descendants of Confederate Veterans.  See

http://www.scv.org/new/.  Defendants are the Mayor and City Council members of

the City of San Antonio.  (Dkt. # 1 at 1–3.)

      According to Plaintiffs, on July 31, 2017, City Councilmen Roberto

Trevino and William Shaw filed a memo with the City Council's governance

committee to request a full council vote to remove the Monument.  (Dkt. # 1 at 5.)

Plaintiffs assert that on August 31, 2017, today's date, the City Council will vote

on whether to remove the Monument.  (Id. at 6.)  Plaintiffs represent to the Court

---

[1] Although not clear from Plaintiffs' filings, the individual Plaintiffs are
presumably members of the Confederate Veterans.  (See Dkts. ## 1, 2.)

2

that immediately after the vote, the City will remove the Monument.  (Dkt. # 2 at

2.)  On August 30, 2017, Plaintiffs filed suit against Defendants, alleging federal

claims under the First Amendment and for Due Process, as well as state law claims

for attempted trespass to land and for breach of an easement.  (Dkt. # 1.)  Plaintiffs

simultaneously filed the instant motion for TRO, asking the Court to immediately

restrain Defendants from removing the Monument.[2]  (Dkt. # 2.)  Defendants filed a

response in opposition on August 31, 2017.  (Dkt. # 5.)

## LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure provides that a district

court:

> may issue a temporary restraining order without written or oral notice to the
> adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or verified complaint clearly show
> > that immediate and irreparable injury, loss, or damage will result to
> > the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give
> > notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

In order to obtain injunctive relief, including a temporary restraining

order, a plaintiff must establish that (1) there is a substantial likelihood that the

---

[2] It should be noted that, as of the date of Plaintiffs' filing of their complaint and
motion for TRO, the City Council had not yet voted on the Monument's removal.
At the hearing, however, Defendants' counsel informed the Court that the City
Council had indeed voted to remove the Monument.

plaintiff will prevail on the merits; (2) there is a substantial threat that irreparable

harm will result if the injunction is not granted; (3) the threatened injury to the

plaintiff outweighs whatever damage the proposed injunctive relief would cause

the defendant; and (4) the granting of the injunction is not adverse to the public

interest.  Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009) (quoting Canal

Auth. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974)).

<u>DISCUSSION</u>

As an initial matter, the Court notes that Plaintiffs have not addressed

the issue of standing in this case.  Plaintiffs do not discuss this issue in their

pleadings or in the instant motion for injunctive relief.  (See Dkts. ## 1, 2.)  To the

extent they may assert standing as city taxpayers, they have not alleged any facts to

support suit in that narrowly proscribed capacity.  See Flast v. Cohen, 392 U.S. 83,

88 (1968).  However, even if Plaintiffs can demonstrate standing, they have not

established the elements necessary for the Court's issuance of a TRO.  Each of

these elements is addressed below.

A.    <u>Substantial Likelihood of Success</u>

To obtain a preliminary injunction, the movant must first show a

substantial likelihood of success on the merits.  Lindsay v. City of San Antonio,

821 F.2d 1103, 1107 (5th Cir. 1987).  While Plaintiffs have made several state law

4

claims[3] against Defendants, the crux of their request for a TRO is their claim that removal of the Monument will abridge the political speech of the Monument, thus resulting in a violation of Plaintiffs' free speech rights under the First Amendment. (Dkt. # 2 at 3.)  Plaintiffs also make a vague claim for due process.  (Dkt. # 1 at 9.)

Plaintiffs' contentions are without merit.  The Supreme Court has held that "the placement of a permanent monument in a public park is best viewed as a form of government speech and is therefore not subject to scrutiny under the Free Speech Clause."  Pleasant Grove v. City of Summun, 555 U.S. 460, 464 (2009).  The Court reasoned that, "[w]hen a government entity arranges for the construction of a monument, it does so because it wishes to convey some thought or instill some feeling in those who see the structure."  Id. at 470.  Indeed, "[g]overnments have long used monuments to speak to the public."  Id.  Further, a government entity "is entitled to say what it wishes" and "select the views that it wants to express."  Id. at 467–68.  "Therefore, the removal of the [M]onument[] is a form of government speech and is exempt from First Amendment scrutiny."  Monumental Task Comm., Inc. v. Foxx, 157 F. Supp. 3d 573, 594 (E.D. La. 2016), aff'd 678 F. App'x 250 (5th Cir. 2017).  Accordingly, Plaintiffs cannot establish a substantial

---

[3] Plaintiffs have not made any showing, or for that matter, any argument in their motion for TRO, in support of their state law claims.  Therefore, Plaintiffs have not established a substantial likelihood of success on the merits of those claims.

likelihood of success on the merits of a claim based on free speech violations under the First Amendment.

Additionally, Plaintiffs have not clearly alleged whether they are asserting a claim for procedural due process or substantive due process from Defendants' removal of the Monument.  (See Dkt. # 1 at 9–11.)  And, Plaintiffs' motion for TRO does not address their likelihood of success on any due process claim.  (See Dkt. # 2.)  In any event, the Court finds that Plaintiffs are not likely to succeed on either a procedural or substantive due process claim.  Plaintiffs cannot establish that they have any property interest in the Monument, thus failing to establish a substantial likelihood of success on any claim for substantive due process.  See Monumental Task Comm., 157 F. Supp. 3d at 597 (determining that volunteer services or donations by organizations towards preserving monuments do not support property interests in the monuments).  Likewise, Plaintiffs cannot establish the likelihood of success on any claim for procedural due process, especially where a vote to remove the Monument was held in an open city council meeting.  And, as discussed, Plaintiffs cannot establish that they have a property interest in the Monument sufficient to require constitutionally adequate procedural due process.  See id. at 598.

Accordingly, Plaintiffs have failed to establish a likelihood of success of any of their claims sufficient to meet the first element of a TRO.[4]

B.      Substantial Threat of Irreparable Harm

As to the second element of a preliminary injunction, a plaintiff must demonstrate a substantial threat of irreparable harm if the injunction is not granted. Lindsay, 821 F.2d at 1107.  In support of this element, Plaintiffs contend that the removal of the Monument will result in a loss of their First Amendment interests. (Dkt. # 2.)  However, as discussed above, the Monument is a form of government speech and is exempt from First Amendment scrutiny.  See Monumental Task Comm., 157 F. Supp. 3d at 594.  Accordingly, Plaintiffs cannot demonstrate a substantial threat of irreparable harm if the Monument is removed, and this element fails.

C.      Balancing of Equities and Service of the Public Interest

The third and fourth elements required for obtaining a preliminary injunction are whether the threatened injury to the movant of not granting the injunction outweighs any harm that may result to the non-movant from granting the injunction, and whether an injunction would harm the public interest.  Lindsay, 821 F.2d at 1107.  Because Plaintiffs have failed to demonstrate a likelihood of

---

[4] In any case, it does not appear that Plaintiffs have properly alleged a claim against city officials for First Amendment or due process violations; Plaintiffs' complaint fails to seek any relief pursuant to 42 U.S.C. § 1983 or the Fourteenth Amendment.  (See Dkt. # 1.)

success, the Court need not weigh the relative harms to the parties or consider the public interest.  See Monumental Task Comm., 157 F. Supp. 3d at 594.  The last two elements fail.  Accordingly, "[b]ecause a preliminary injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief," Barber v. Bryant, 860 F.3d 345, 352 (5th Cir. 2017) (internal quotations and citation omitted), the "denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria." Black Fire Fighters Ass'n v. City of Dall., 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original).

> D.    Conclusion

Plaintiffs have failed to demonstrate or even allege standing for their claims against Defendants.  Even if Plaintiffs have standing, they have not established they are entitled to the extraordinary remedy of a TRO or other injunctive relief.  Plaintiffs' motion is therefore denied.[5]

## DIRECTION TO DEFENDANTS

At the hearing, Defendants indicated their intention of removing the Monument in a manner that protects it from damage or from being defaced.  The Court hereby **DIRECTS** that, should Defendants or their assigns remove the Monument in question from its present location, that the removal of the Monument

---

[5] At the hearing, Plaintiffs' counsel announced Plaintiffs' intent to file an amended complaint in this matter.  The Court, however—having only the original complaint before it at this time—is unable to determine whether any defects in Plaintiffs' pleadings, as noted above, can and will be cured by an amended pleading.

be carried out in such a manner as to preserve the integrity of the Monument; and further, that the Monument be stored in a secure location in order to protect it from damage or from being defaced pending resolution of this lawsuit or further order of this Court.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for TRO, **WITH DIRECTION TO DEFENDANTS** as stated above, and for any other injunctive relief other than as specifically noted herein.  (Dkt. # 2.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, August 31, 2017.

_____
David Alan Ezra
Senior United States Distict Judge

9