UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD BREWER, JEAN CAROL LANE, and TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, JOHN COURAGE, and CLAYTON PERRY, <br><br> Defendants. | No. SA:17–CV–837–DAE |

## ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiffs Richard Brewer, Jean Carol Lane, and the Texas Division Sons of Confederate Veterans, Inc.'s ("Confederate Veterans") (collectively, "Plaintiffs") Motion for Preliminary Injunction. (Dkts. # 14, 15.) Plaintiffs' motion requests that the Court issue a preliminary injunction to enjoin Defendants—the Mayor of San Antonio, Texas, and ten members of the San Antonio City Council—from any further damage, destruction, or disposal of a

Confederate Monument ("the Monument"), previously located in Travis Park in downtown San Antonio, that was removed on September 1 and 2, 2017.  (Id.)

After careful consideration of the memorandum in support of the motion, the Court, for the reasons that follow, **DENIES** the motion.

## BACKGROUND

The Confederate Veterans is an organization dedicated to preserving the memory of Americans who fought for the Confederacy during the Civil War.[1] (See Dkt. # 14.)  According to the Confederate Veteran's website, its membership is limited to male descendants of Confederate Veterans.  See http://www.scv.org/new/.  Defendants are the Mayor and City Council members of the City of San Antonio.  (Dkt. # 14 at 1–3.)

According to Plaintiffs, on July 31, 2017, City Councilmen Roberto Trevino and William Shaw filed a memo with the City Council's governance committee to request a full council vote to remove the Monument.  (Dkt. # 14 at 6.) On August 31, 2017, the City Council voted to remove the Monument.  (Id. at 6–7.) One day before, on August 30, 2017, Plaintiffs filed suit against Defendants in this Court, alleging federal claims under the First Amendment and for Due Process, as well as state law claims for attempted trespass to land and for breach of an easement.  (Dkt. # 1.)  Plaintiffs simultaneously filed a motion for Temporary

---

[1] Although not clear from Plaintiffs' filings, the individual Plaintiffs are presumably members of the Confederate Veterans.  (See Dkts. ## 1, 2.)

Restraining Order, asking the Court to immediately restrain Defendants from removing the Monument. (Dkt. # 2.) After a hearing, the Court denied the motion for TRO, but directed that the removal of the Monument be carried out in such a manner as to preserve the integrity of the Monument, and that the Monument be stored in a secure location in order to protect it from damage or from being defaced pending resolution of this lawsuit. (Dkt. # 7 at 8–9.)

On September 1 and 2, 2017, the City removed the Monument. According to Plaintiffs, the workers who removed the Monument used jackhammers and likely damaged the base and its carved stones. (Dkt. # 14 at 7.) Plaintiffs also assert that the base contained a time capsule that included Confederate currency, a historic bible, a Confederate flag, and various other items. (Id. at 7–8.) Plaintiffs contend that they have asked Defendants to inspect the Monument and to ascertain the condition of the time capsule and its contents, but that the City has not responded to their request. (Id. at 8.)

On October 3, 2017, Plaintiffs filed an amended complaint, request for declaratory relief, and the instant motion for preliminary injunction. (Dkt. # 14.) Defendants did not file a response to the motion.

## LEGAL STANDARD

The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. Opulent Life Church v. City of Holly Springs, Miss., 697 F.3d 279, 288 (5th Cir. 2012); Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997). A preliminary injunction should not be granted unless the movant demonstrates by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. Lindsay v. City of San Antonio, 821 F.2d 1103, 1107 (5th Cir. 1987); Valley, 118 F.3d at 1051. However, even when a movant establishes each of the four requirements described above, the decision whether to grant or deny a preliminary injunction remains within the Court's discretion, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

## DISCUSSION

As an initial matter, the Court notes that, as in their request for a TRO, Plaintiffs have not addressed the issue of standing in this case. Plaintiffs do not discuss this issue in their amended pleadings or in the instant motion for injunctive

4

relief.  (See Dkts. ## 1, 2, 14.)  To the extent they may assert standing as city taxpayers, they have not alleged any facts to support suit in that narrowly proscribed capacity.  See Flast v. Cohen, 392 U.S. 83, 88 (1968).  However, even if Plaintiffs can demonstrate standing, they have not established the elements necessary for the Court's issuance of a preliminary injunction.  Each of these elements is addressed below.

    A.    Substantial Likelihood of Success

To obtain a preliminary injunction, the movant must first show a substantial likelihood of success on the merits.  Lindsay, 821 F.2d at 1107.  While Plaintiffs have made several state law claims[2] against Defendants, the crux of their request for a preliminary injunction is—once again—their claim that removal of the Monument will abridge the political speech of the Monument, thus resulting in a violation of Plaintiffs' free speech rights under the First Amendment.  (Dkt. # 14 at 20–21.)

Plaintiffs' contentions are without merit.  The Supreme Court has held that "the placement of a permanent monument in a public park is best viewed as a form of government speech and is therefore not subject to scrutiny under the Free Speech Clause."  Pleasant Grove v. City of Summun, 555 U.S. 460, 464 (2009).

---

[2] Plaintiffs have not made any showing, or for that matter, any argument in their motion for preliminary injunction, in support of their state law claims.  Therefore, Plaintiffs have not established a substantial likelihood of success on the merits of those claims.

The Court reasoned that, "[w]hen a government entity arranges for the construction of a monument, it does so because it wishes to convey some thought or instill some feeling in those who see the structure." Id. at 470.  Indeed, "[g]overnments have long used monuments to speak to the public." Id.  Further, a government entity "is entitled to say what it wishes" and "select the views that it wants to express." Id. at 467–68.  "Therefore, the removal of the [M]onument[] is a form of government speech and is exempt from First Amendment scrutiny." Monumental Task Comm., Inc. v. Foxx, 157 F. Supp. 3d 573, 594 (E.D. La. 2016), aff'd 678 F. App'x 250 (5th Cir. 2017).  Accordingly, Plaintiffs cannot establish a substantial likelihood of success on the merits of a claim based on free speech violations under the First Amendment.

      B.    Substantial Threat of Irreparable Harm

As to the second element of a preliminary injunction, a plaintiff must demonstrate a substantial threat of irreparable harm if the injunction is not granted. Lindsay, 821 F.2d at 1107.  In support of this element, Plaintiffs contend that they will suffer irreparable injury if Defendants are not restrained from further damaging, destroying, or disposing of the Monument, the cannon, or the memorial artifacts.  (Dkt. # 14 at 18.)  However, because Plaintiffs have not sufficiently demonstrated that such injury has occurred, or will likely occur, Plaintiffs cannot demonstrate a substantial threat of irreparable harm, and this element fails.

C.  Balancing of Equities and Service of the Public Interest

The third and fourth elements required for obtaining a preliminary injunction are whether the threatened injury to the movant of not granting the injunction outweighs any harm that may result to the non-movant from granting the injunction, and whether an injunction would harm the public interest. Lindsay, 821 F.2d at 1107. Because Plaintiffs have failed to demonstrate a likelihood of success, the Court need not weigh the relative harms to the parties or consider the public interest. See Monumental Task Comm., 157 F. Supp. 3d at 594. The last two elements fail. Accordingly, "[b]ecause a preliminary injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief," Barber v. Bryant, 860 F.3d 345, 352 (5th Cir. 2017) (internal quotations and citation omitted), the "denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria." Black Fire Fighters Ass'n v. City of Dall., 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original).

D.  Conclusion

Plaintiffs have failed to demonstrate or even allege standing for their claims against Defendants. Even if Plaintiffs have standing, they have not established they are entitled to the extraordinary remedy of a preliminary injunction. Plaintiffs' motion is therefore denied.

7

CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Preliminary Injunction.  (Dkts. # 14, 15.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 24, 2017.

_____
David Alan Ezra
Senior United States Distict Judge