IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, JEAN CAROL LANE, TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., | § § § | |
| *Plaintiffs*, | § § | |
| *v.* | § § | 5:17-CV-00837-DAE |
| RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, JOHN COURAGE, CLAYTON PERRY, | § § § § § § § | |
| *Defendants* | § | |

## DEFENDANTS' ORIGINAL ANSWER

Now come RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, and CLAYTON PERRY, in their official capacities as Members of the San Antonio City Council, and file this their Original Answer to Plaintiffs' First Amended Complaint, Motion for Declaratory Judgment and Motion for Preliminary Injunction (Dk. #14)[1], and by way answer respond as follows:

1.      Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiffs' First Amended Complaint, Motion for Declaratory Judgment

---

[1] On or about October 24, 2017, the Court denied Plaintiff's Motion for Preliminary Injunction (Dk. #16) and thus no response is due at this time.  Out of an abundance of caution, however, this answer will serve as a response to all allegations raised in Docket #14 and will be referred throughout this answer as "Plaintiffs' First Amended Complaint."

and Motion for Preliminary Injunction[2] except those expressly admitted herein and demands strict proof thereof by a preponderance of the credible evidence.

2.      Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of Plaintiff's Amended Complaint contain a statement of Parties and do not require admission or denial.

3.      In relation to Paragraphs 15, 16, 17 , 18, and 19 of Plaintiffs' First Amended Complaint, Defendants admit that jurisdiction and venue would be proper in this Court for the claims asserted by Plaintiffs.  However, Defendants deny any and all liability and damages for any and all claims being asserted by Plaintiffs.

4.      Defendants admit the document "History of Confederate Monument in Travis Park" contains the statement attributed to it in Paragraph 20 of Plaintiffs' First Amended Complaint. Defendants further admit that in 1899, the City of San Antonio accepted the donation of a statute from the Daughters of the Confederacy, as implied in that paragraph.  Defendants deny the balance of said paragraph.

5.      Defendants admit that the newspaper article referenced in Paragraph 21 of Plaintiffs' First Amended complaint contains the statements attributed to it in said paragraph.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the those statements and they are therefore denied at this time.

6.      Defendants admit that the document attached to Plaintiffs' First Amended Petition at Appendix pages 7-8 appear to contain the statements attributed to it Paragraph 22 of Plaintiffs' First Amended Petition.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the those statements and they are therefore denied at this time.

---

[2]

7.     Defendants admit that the newspaper article referenced in Paragraph 23 of Plaintiffs' First Amended complaint contains the statements attributed to it in said paragraph.  Defendants further admit the truth of those statements.

8.     Defendants admit that the newspaper article referenced in Paragraph 24 of Plaintiffs' First Amended complaint contains the statements attributed to it in said paragraph.  Defendants further admit that on September 1 and 2, 2017, it removed the entire Travis Park Confederate Monument, to include the cannons and pedestal.

9.     Defendants admit that this Honorable Court ordered that the removal of the monument be "carried out in such a manner as to preserve the integrity of the Monument; and further that the Monument be stored in a secure location in order to protect it from damage or from being defaced pending resolution of this lawsuit or further order of this Court," (Order Denying Plaintiffs' Motion for Temporary Restraining Order with Direction to Defendants, Dk. # 7.) as implied in Paragraph 25 of Plaintiffs' First Amended Petition.  Defendants deny the balance of said paragraph.

10.     Defendants admit that an affidavit signed by a Mr. John McCammon was attached to Plaintiffs' First Amended Complaint which contains the statements attributed to him as alleged in Paragraph 26 of Plaintiffs' First Amended Complaint.  Defendant admits that statements attributed to a newspaper article were in fact contained in that article as alleged in Paragraph 26 of Plaintiffs' First Amended Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements contained in the affidavit and newspaper article and they are therefore denied at this time.  Defendants admit that Plaintiffs' counsel has requested to view the monument.  Defendants deny the balance of said paragraph.

11.     Paragraphs 27, 28 29, 30, 31, 32, 33, 34 and 35  of Plaintiffs' First Amended Complaint contains Plaintiffs' interpretation of the law, and requires neither responsive admission nor denial.

12.     Defendants admit that the Public Art San Antonio policies and guidelines contain the statement attributed to it as set forth in Paragraph 36, 37 and 38 of Plaintiffs' First Amended Complaint.  Defendant denies the statement that it embraces "in particular 'unsavory'" history in its master plan for public art.

13.     Defendants deny the statement contained in sentence one of Paragraph 39 of Plaintiffs' First Amended Complaint.    Defendants admit that Defendant Nirenberg stated that "[C]onfederate statutes and memorials *that lack proper historical context* glorify slavery and *project a misleading impression about slavery and* the war against the United States to preserve slavery." (Emphasis added.)   Defendants deny the statement contained in sentence two of Plaintiffs' First Amended Complaint.   Defendant admit that Defendant Trevino issued a statement that contained the quoted language and that he further stated that he had had conversations with Defendant Shaw regarding the relocation of the monument.  Defendants deny the balance of said paragraph.

14.     Defendants deny paragraph 40 of Plaintiffs' First Amended Complaint.

15.     Paragraph 41 of Plaintiffs' First Amended Complaint contains Plaintiffs' interpretation of the law, and requires neither responsive admission nor denial.

16.     Sentences one and two of Paragraph 42 of Plaintiffs' First Amended Complaint contain Plaintiffs' interpretation of the law, and require neither responsive admission nor denial. Defendants deny the balance of said paragraph.

17.     Defendants deny the statements as set forth in Paragraph 43 of Plaintiffs' First Amended Complaint.

18.     Defendants admit the statements contained in sentences one and four of Paragraph 44 of Plaintiffs' First Amended Complaint.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements contained in sentences two and three of said paragraph and they are therefore denied at this time.

19.     To the extent that Paragraph 45 of Plaintiffs' First Amended Complaint contains Plaintiffs' interpretation of the law, said statements require neither responsive admission nor denial.  Defendants deny the balance of said paragraph.

20.     Defendants deny the statements contained in Paragraph 46 of Plaintiffs' First Amended Complaint.

21.     Defendants admit that Plaintiffs' counsel has not been granted access to the storage location of the monument as alleged in Paragraph 47 of Plaintiffs' First Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements contained in the first sentence of Paragraph 47 and therefore deny them.  Defendants deny the balance of said paragraph.

22.     Defendants admit that Mr. McCammon's affidavit contains the statements attributed to it as set forth in Paragraph 48 of Plaintiffs' First Amended Complaint.  Defendants deny the balance of said paragraph.

23.     Defendants deny the statements contained in Paragraph 49 of Plaintiffs' First Amended Complaint.

24.     Defendants deny the statements contained in Paragraph 50 of Plaintiffs' First Amended Complaint.

25.     Defendants admit that Mr. McCammon's affidavit contains the statements attributed to it as set forth in Paragraph 51 of Plaintiffs' First Amended Complaint. Defendants admit the statements attributed to the newspaper article are contained in that article as asserted in Paragraph 51.  Defendants deny the balance of said paragraph.

26.     To the extent that Paragraph 52 of Plaintiffs' First Amended Complaint contains Plaintiffs' interpretation of the law, said statements require neither responsive admission nor denial.  Defendants deny the balance of said paragraph.

27.     Defendants admit the statement attributed to Defendant Nirenberg as set forth in sentence one of Paragraph 53 of Plaintiff's First Amended Complaint.  Defendants deny the balance of said paragraph.

28.     Defendants deny the statements contained in Paragraphs 54, 55, 56, 57 and 58 of Plaintiffs' First Amended Complaint.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements contained in the first sentence of Paragraph 59 of Plaintiffs' First Amended Complaint.  Defendants deny the balance of said paragraph.

30.     Paragraph 60 is a request for a hearing and not subject to admission or denial.

31.     Defendants deny that Plaintiffs' are entitled to recover attorneys' fees as alleged in Paragraph 61 of Plaintiffs' First Amended Petition.

32.     Defendants deny that Plaintiffs are entitled to any of the relief sought in paragraph 62.

33.     Defendants affirmatively assert that Plaintiffs lack standing to bring these causes of action, in whole or in part.

34.     Defendants affirmatively assert that this Court lacks jurisdiction over one or more of the claims asserted against it by Plaintiffs.

35.     Defendants plead that they are entitled to the protections of governmental immunity and that no waiver of said immunity has occurred under the provisions of the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Chapter 101 et. seq., and specifically the facts fail to support a waiver of governmental immunity pursuant to Sections 101.021, 101.0215, 101.025 and/or 101.057 of the Texas Tort Claims Act.

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, and CLAYTON PERRY, in their official capacities as Members of the San Antonio City Council, prays that Plaintiffs recovers nothing by way of this suit, that Plaintiffs' claims be dismissed with prejudice, that the Defendants recover its attorney fees, as appropriate, and that all taxable costs of court be charged against Plaintiffs.

Respectfully Submitted,

CITY OF SAN ANTONIO
Office of the City Attorney
Litigation Division
Frost Bank Tower
100 W. Houston St., 18th Floor
San Antonio, Texas  78205

/s/ _____
Deborah Lynne Klein
Deputy City Attorney
Bar No:  11556750
(210) 207-8919/ (210) 207-4357 Fax
deborah.klein@sanantonio.gov
ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on December 4, 2017:

Kirk David Lyons
P.O.Box 1235
Black Mountain, NC 28711

/s/_____
DEBORAH LYNNE KLEIN