UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD BREWER, JEAN CAROL LANE, and TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, JOHN COURAGE, and CLAYTON PERRY, <br><br> Defendants. | No. SA:17–CV–837–DAE |

## ORDER DENYING PLAINTIFFS' MOTION TO INSPECT

Before the Court is Plaintiffs Richard Brewer, Jean Carol Lane, and the Texas Division Sons of Confederate Veterans, Inc.'s ("Confederate Veterans") (collectively, "Plaintiffs") Motion to Inspect. (Dkt. # 18.) Plaintiffs' motion seeks an order from the Court allowing Plaintiffs to inspect (1) the Confederate Monument ("the Monument"), previously located in Travis Park in downtown San Antonio, that was removed on September 1 and 2, 2017, (2) the time capsule in the Monument's base, and (3) the cannon and carriages associated with the Monument.

(Id.)  According to Plaintiffs, they have a right to inspect these items and "confirm the safe storage and intactness of their suit's subject matter, as ordered by the Court."  (Id. at 4.)

In response, Defendants—the Mayor of San Antonio, Texas, and ten members of the San Antonio City Council—contend that Plaintiffs filed this motion prior to the time before Defendants' deadline to file an answer had passed.  (Dkt. # 20 at 2.)  Although Plaintiffs' motion to inspect was prematurely filed, Defendants assert that they offered Plaintiffs' counsel the opportunity to view photographs of the Monuments and associated items in their storage location, and that Plaintiffs' counsel responded by replying "Thank you for the response."[1]  (Id. at 2–3.)  Thereafter, according to Defendants, Plaintiffs did not communicate any further with Defendants prior to filing the instant motion.  (Id. at 3.)

Once again, the Court notes that Plaintiffs continue to fail to address the issue of their standing in this case.  To the extent they may assert standing as city taxpayers, they have not alleged any facts to support suit in that narrowly proscribed capacity.  See Flast v. Cohen, 392 U.S. 83, 88 (1968).  To this end, the Court cannot simply require inspection of the Monument and other items on the basis that Plaintiffs contend that it is "their personal property."  (See Dkt. # 18 at 4.)

---

[1] Defendants have attached the photographs in their response to Plaintiffs' motion. (See Dkt. # 20-1 at 5.)

However, even if Plaintiffs can assert standing, they are not entitled to the relief sought in the instant motion at this stage of the proceedings. Plaintiffs' motion to inspect is not ripe. Plaintiffs have not yet complied with the requirements for discovery and conference in Rules 34 and 26. Accordingly, the Court **DENIES** Plaintiffs' Motion to Inspect. (Dkt. # 18.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, December 15, 2017.

_____
David Alan Ezra
Senior United States Distict Judge