IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, JEAN CAROL LANE, TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., | § § § | |
| *Plaintiffs* | § § | |
| *v.* | § § | 5:17-CV-00837-DAE |
| RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, JOHN COURAGE, CLAYTON PERRY, | § § § § § § § | |
| *Defendants* | § | |

## DEFENDANTS RESPONSE TO PLAINTIFFS MOTION TO COMPEL INSPECTION

Now come RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, and CLAYTON PERRY, in Their Official Capacities as Members of the San Antonio City Council, and file this their Response to Plaintiffs' Motion to Compel (Dk. #30) and would show unto the Court as follows:

1.      This suit was filed by Plaintiffs on August 30, 2017 seeking to enjoin to removal of a monument from Travis Park in San Antonio, Texas.  (Dk. # 1).  A hearing on Plaintiffs' motion for emergency injunctive relief was held on August 31, 2017 before the Honorably David Ezra. Judge Ezra later denied the motion, ordering, in part, as follows:

> The court hereby DIRECTS that, should Defendants or their assigns remove the Monument in question from its present location, that the removal of the Monument be carried out in such a manner as to preserve the integrity of the Monument; and further, that the Monument be stored in a secure location in order

to protect it from damage or from being defaced pending resolution of this lawsuit or further order of this Court.

(Dk. #7, pp. 8-9).  The monument was removed in a manner that preserves its integrity and is stored in a secured and undisclosed location.

2.      Plaintiffs subsequently filed a Motion to Inspect the monument.  (Dk. #18).  This motion was denied, in part due to the lack of timeliness.  (Dk. #23).  On March 8, 2018, Plaintiffs served undersigned counsel with a Request for Entry on Land and Inspection of Monument, Cannon and Time Capsule.  (Ex. A).  On April 6, 2018, undersigned counsel responded to the Request, agreeing to the inspection subject to certain agreements, to include but not limited to entering into an agreed protective order, limiting persons present at the inspection, that the inspection occur concurrent with an agreed to inspection of the same monument in the matter of *Albert Sidney Johnson Chapter No. 2060, et. al., v Ron Nirenberg, et. al.,* Cause No. SA-17CV-1072-DAE, and that the inspection and testing be monitored by a representative of Defendants and/or undersigned counsel.  (Ex. B).  Counsel for Plaintiffs forwarded correspondence indicating that Plaintiffs would not agree to have any other persons present during their inspection, that a copy of a video of the inspection could be obtained through "court order," that the inspection last up to three hours and that they could not agree to "non-destructive" testing without an agreed definition of that word. (Ex. C)

3.      Defendants do not believe there is any legitimate basis for Plaintiffs to inspect the monument.  In response to Plaintiffs' untimely Motion to Inspect, Defendants provided Plaintiffs and this Court with photographs of the monument in storage, showing that it was removed and stored in accordance with Judge Ezra's orders. (Dk. #20)  Regardless, Defendants have agreed to the inspection and believe the requested conditions are reasonable and necessary.

Defs Resp to Mt to Compel (Dk. # 30)
*Brewer, et.al. v Nirenberg, et. al.,* Cause No. SA-17-CV-00837-DAE-RBF
Page 2 of 5

4.      As discuss in Defendants' prior response to the Motion to Inspect, the City of San Antonio and its legislative body, Defendants herein, recognize that issues surrounding the Monument and the removal of the Monument engender strong feelings on both sides of the argument.  Defendants are well aware of the violence that occurred in Charlottesville, Virginia in the summer of 2017 as well as disruptive situations that occurred in the aftermath of that violence.  At the hearing on Plaintiffs' Motion for Temporary Restraining Order, this Court urged all concerned to "exercise a degree of contemplative restraint," noting that "People have very strong feelings about these issues. . . "   To that end, the City has stored the Monument in an undisclosed location – to prevent it from being vandalized as well as to prevent the location from become a rallying point for disruptive behavior.  The conditions requested by the City provide the Plaintiffs the ability to inspect the monument while keeping in place restrictions that will, hopefully, protect the safety of the monument and of the citizens of San Antonio.

5.      With respect to Plaintiffs object to the presence of a representative of Defendants and undersigned counsel being present during the inspection, Plaintiffs have offered no legitimate basis why this requirement is unreasonable.  As a matter of course, when property is inspected, the owner of the property is allowed to be present.  Moreover, as Judge Ezra has ordered the Defendants to assure the integrity and security of the monument during the pendency of the suit, it is imperative that Defendants be present during the inspection.  This requirement does not infringe on Plaintiffs ability to engage in private conversation with their legal counsel outside of Defendants' representatives' earshot.

6.      In a similar manner, Defendants request to have a joint inspection with parties to the suit styled *Albert Sidney Johnson Chapter No. 2060, et. al., v Ron Nirenberg, et. al.,* Cause No. SA-17CV-1072-DAE is not unreasonable.  A similar agreement was entered into with Plaintiffs in

Defs Resp to Mt to Compel (Dk. # 30)
*Brewer, et.al. v Nirenberg, et. al.,* Cause No. SA-17-CV-00837-DAE-RBF
Page 3 of 5

that case.  Plaintiffs in each case, to some degree, have laid claim to ownership of the monument, in whole or in part.  Having representatives from both Plaintiffs' groups present jointly avoids any allegations arising that one or the other, or Defendants' representatives, engaged in any conduct that caused damage to the monument.

7.      Defendants believe that the requested restrictions set forth in Exhibit B are reasonable and necessary to assure no breach of the peace, no misplaced allegations and full compliance with Judge Ezra's order.  Plaintiffs offer no sufficient argument why these limits are not reasonable.  Defendants contend that Plaintiffs motion should be denied unless subject to the conditions set forth in Exhibit B.

8.      To the extent that Plaintiffs seek attorneys' fees for filing their Motion, they have failed to provide any argument or legal basis for such an award and thus the request should be denied.

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, and CLAYTON PERRY, in Their Official Capacities as Members of the San Antonio City Council, pray this Court deny Plaintiffs' Motion to Compel in all things, that an order be entered allowing for inspection as set forth in Exhibit B hereto, and for such other and further relief, both in law and in equity, to which these Defendants may be entitled.

Respectfully Submitted,

CITY OF SAN ANTONIO
Andrew Segovia
City Attorney
SBN: 24103187
Office of the City Attorney
Litigation Division

Defs Resp to Mt to Compel (Dk. # 30)
*Brewer, et.al. v Nirenberg, et. al.,* Cause No. SA-17-CV-00837-DAE-RBF
Page 4 of 5

Frost Bank Tower
100 W. Houston St., 18th Floor
San Antonio, Texas  78205

/s/ Deborah Lynne Klein
Deborah Lynne Klein
Deputy City Attorney
Bar No:  11556750
(210) 207-8919/ (210) 207-4357 Fax
deborah.klein@sanantonio.gov
*ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on April 30, 2018:

Kirk David Lyons
PO Box 1235
Black Mountain, North Carolina 28711

/s/ Deborah Lynne Klein
DEBORAH LYNNE KLEIN

Defs Resp to Mt to Compel (Dk. # 30)
*Brewer, et.al. v Nirenberg, et. al.,* Cause No. SA-17-CV-00837-DAE-RBF
Page 5 of 5