IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, JEAN CAROL LANE, TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., *Plaintiffs* | § § § § § | |
| v. | § § | 5:17-CV-00837-DAE |
| RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, JOHN COURAGE, CLAYTON PERRY, *Defendants* | § § § § § § § § | |

## DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFFS' REQUEST FOR ENTRY UPON LAND FOR INSPECTION OF MONUMENT, CANNON AND TIME CAPSULE

TO: Plaintiffs, Richard Brewer and Jean Carol Lane, by and through their counsel of record:

Kirk David Lyons
P. O. Box 1235
Black Mountain, N.C. 28711
kdl@slrc-csa.org

COMES NOW Defendants and make Defendants' Objections and Response to Plaintiffs' Request for Entry Upon Land for Inspection of Monument, Cannon and Time Capsule, and says:

1.  On March 8, 2018, Plaintiffs served their Request for Entry Upon Land for Inspection of Monument and Time Capsule (Plaintiffs' Request) on counsel for Defendants. Plaintiffs ask that they and possibly an expert witness "be allowed entry upon the premises defined below" to inspect and photograph certain items, which are listed in the Plaintiffs' Request. They set the date for inspection as April 10, 2018, or a date to be mutually decided by the parties.

2.      The Plaintiffs' Request indicates that it will define the premises it wishes to enter to conduct the proposed inspection. Defendants object to the Plaintiffs' Request because, although it adequately defines the objects Plaintiffs wish to inspect, it does not define the premises Plaintiffs wish to enter to make the inspection.

3.      Defendants object to the section labelled "Purpose" of Plaintiff's request to the extent that it seeks items not in the possession of Defendants. While Defendants appreciates Plaintiffs' attempt to comply with Rule 34(b)(1)(A) by describing with particularity the things they wish to inspect, Defendants are not in possession of the itemized property.

4.      Defendants object to the section labelled "Manner" to the extent that it indicates "Plaintiffs further request to return with additional expert(s) to appraise the extent of damage and expert means of restoration in a subsequent inspection." Defendants object to the attempt to request two separate inspections and to fail to identify with any specificity the numbers and identities of persons attending.

4.      The City objects to the request because allowing the inspection, as requested, will likely impose an undue burden on the City and the premises where the items are presently stored. The City has a reasonable apprehension that persons – not necessarily the Plaintiffs or persons under their control – will make extrajudicial use of information Plaintiffs obtain incident to the requested inspection. The City reasonably believes that persons who disagree with the City's decision to remove the monument from Travis Park and who become aware of its location may initiate protests at the location or engage in other conduct that might be construed as harassment or intimidation. For instance, the City has received second-hand accounts that persons concerned about the removal of the monument have made inquiries seeking personal information about employees of the contractor retained to remove the monument. Additionally, the possibility

exists that persons who are opposed to the monument could attempt to cause damage to it should its location be publicized. The City has no reason to believe that persons other than the Plaintiffs and their counsel would be answerable to the Court's jurisdiction should they engage in extrajudicial harassment or intimidation.

5. Subject to these objections, the City would permit entry on property and inspection of the designated items, if any, under the following conditions:

1. The parties submit, and the Court enter, an agreed protective order in substantial compliance with the standard confidentiality order for the Western District of Texas, with the agreed stipulation that the location of the monument and related items is confidential information, as that term is defined in the order and designated by the City.

2. The possible attendees for Plaintiffs at the inspection be limited to Richard Brewer, Jean Carol Lane, one representative of the Texas Division, Sons of Confederate Veterans, Inc., Plaintiffs' counsel and one expert witness.

3. The inspection is scheduled concurrent with any inspection scheduled in the matter styled *Albert Sidney Johnston Chapter No. 2060, et. al. v Ron Nirenberg, et. al.*, Cause No. SA_17-CV-1072-DAE at a time agreed upon by all parties in both matters.

4. The inspection and testing be non-destructive.

5. The inspection and testing be monitored by a representative of Defendants and/or its counsel. Plaintiffs agree that the representative shall not be required or asked to provide information to Plaintiffs.

6. The inspection shall be limited to 1.5 hours in duration.

7. Plaintiffs shall share with the City all photographs, videotapes, or other recordings made during the inspection.

8. At least seven days before the date of entry on land for inspection, Plaintiffs shall submit a confirmation of all persons who will attend the inspection and enter on property on Plaintiffs' behalf (see point 2, above).

Respectfully submitted,

CITY OF SAN ANTONIO
Office of the City Attorney
Litigation Division
Frost Bank Tower
100 W. Houston St., 18th Floor
San Antonio, Texas 78205

*(signature)*

Deborah Lynne Klein
Deputy City Attorney
Bar No: 11556750
(210) 207-8919/ (210) 207-4357 Fax
deborah.klein@sanantonio.gov
*ATTORNEY FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I certify service of a true and correct copy of this instrument on the following person on April, 6, 2018 via email transmission to:

Kirk David Lyons
P. O. Box 1235
Black Mountain, N.C. 28711
kdl@slrc-csa.org

*(signature)*
DEBORAH LYNNE KLEIN