IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, JEAN CAROL LANE, TEXAS DIVISION SONS OF CONFEDERATE VETERANS INC, | § § § § § § § § § § § § § § § § § § § | 5-17-CV-00837-DAE |
| *Plaintiffs*, | | |
| vs. | | |
| RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANUEL PALAEZ, JOHN COURAGE, CLAYTON PERRY, | | |
| *Defendants*. | | |

## ORDER GRANTING IN PART MOTION TO COMPEL INSPECTION

Before the Court is the Motion to Compel Inspection filed by Plaintiffs Richard Brewer, Jean Carol Lane, and the Texas Division of Sons of Confederate Veterans. Dkt. No. 30. This motion was assigned to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiffs' Motion, Dkt. No. 30, is **GRANTED IN PART**, subject to the conditions specified herein.

Plaintiffs challenge in this action Defendants' removal of a confederate monument and other related items that were until quite recently previously on display in Travis Park in downtown San Antonio, Texas. In their motion, Plaintiffs seek leave to enter onto City property so they can inspect a monument, cannon, and time capsule that were previously in Travis Park

and are now stored on City property in an undisclosed location. The City has agreed to an inspection but requests that the following conditions apply:

1. The parties submit, and the Court enter, an agreed protective order in substantial compliance with the standard confidentiality order for the Western District of Texas, with the agreed stipulation that the location of the monument and related items is and shall remain confidential information, as that term is defined in the order and designated by the City.

2. The possible attendees for Plaintiffs at the inspection be limited to Richard Brewer, Jean Carol Lane, one representative of the Texas Division, Sons of Confederate Veterans, Inc., Plaintiffs' counsel, and one expert witness.

3. The inspection be scheduled to occur at the same time as any inspection scheduled in a related matter styled, *Albert Sidney Johnston Chapter No. 2060, et. al. v Ron Nirenberg, et. al.,* Cause No. SA-17-CV-l072-DAE, at a time agreed upon by all parties in both matters.

4. The inspection and any testing of the items inspected be non-destructive.

5. The inspection and any testing be monitored by a representative of Defendants and/or its counsel. Defendants' representative not be required or asked to provide any information to Plaintiffs.

6. The inspection be limited to 1.5 hours in duration.

7. Plaintiffs provide the City with copies of all photographs, videotapes, or other recordings made during the inspection; and

8. At least seven days before the date of entry on the property for inspection, Plaintiffs submit a confirmation of all persons who will attend the inspection and enter on the property on Plaintiffs' behalf.

These restrictions are all reasonable. Indeed, Plaintiffs ultimately have agreed to many of them, save for the time limits, the persons present at the inspection (including those in the related case), and the manner in which the items enumerated in paragraph 7 are disclosed. Dkt. No. 30-6 at 5. Plaintiffs further request that the term "non-destructive" in paragraph 4 be defined and that a second inspection be permitted "if plaintiffs' first inspection provides reasonable evidence that defendants damaged any part of the monument, the cannon or the time capsule to assess remedial measures for fine-art restoration and costs."

Plaintiffs' objections are unavailing. They have provided no persuasive explanation for why the time limits proposed by the City would be inappropriate or how the mere presence of other people at the inspection would pose any meaningful difficulty, including by causing a breach the attorney-client privilege. Reasonable, common sense steps can be taken during the inspection to preserve privileges. Plaintiffs also have failed to adequately explain why the inspection should not be limited to the named parties (and in the case of the Sons of the Confederate Veterans, one representative), counsel, and their expert(s). Finally, Plaintiffs' request for a second inspection is premature at this time.

**IT IS THEREFORE ORDERED THAT** Plaintiffs may inspect the monument subject to the conditions outlined above, except that prior to the inspection, the parties shall agree on what would qualify here as "non-destructive" testing. Any such definition shall be consistent with the District Court's prior order that the integrity of the monument be preserved. *See* Dkt. No. 7 at 9. Further, Plaintiffs shall only be obligated to provide the materials discussed in paragraph 7 to the extent a proper discovery request encompassing those materials is served. This will provide Plaintiffs an opportunity to object on privilege or any other appropriate grounds, to the extent applicable. Any inspection shall only take place within thirty (30) days

**after** Plaintiffs file an amended complaint with leave of court as discussed in the undersigned's May 21, 2018 order.

    **IT IS FURTHER ORDERED THAT** Plaintiffs' request for attorneys' fees is **DENIED**.

    **IT IS SO ORDERED**.

    SIGNED this 4th day of June, 2018.

                                        RICHARD B. FARRER
                                        UNITED STATES MAGISTRATE JUDGE