IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, JEAN CAROL LANE,  TEXAS DIVISION SONS OF CONFEDERATE VETERANS INC, | § § § § § § § § § § § § § § | 5-17-CV-00837-DAE |
| *Plaintiffs*, | | |
| vs. | | |
| RON NIRENBERG, MAYOR OF THE CITY OF SAN ANTONIO *ET AL.* | | |
| *Defendants*. | | |

## ORDER

Before the Court is the Motion to Reconsider Order Granting Plaintiffs' Leave to File Third Amended Complaint[1] filed by Defendants Ron Nirenberg, Robert Trevino, William Shaw, Rebecca Viagran, Rey Saldana, Shirley Gonzales, Greg Brockhouse, Ana Sandoval, Manny Palaez, John Courage, and Clayton Perry, in their official capacities as members of the San Antonio City Council. Dkt. No. 45. Plaintiffs filed a response. Dkt. No. 46. The motion was assigned to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). Defendants' Motion, Dkt. No. 45, is without merit and is therefore **DENIED**.

Defendants may pursue this matter further, if they wish. Relief may be available via appeal to District Judge Ezra pursuant to 28 U.S.C. § 636(b)(1)(A), Appendix C to the Local

---

[1] The latest complaint on file is Plaintiffs' Second Amended Complaint. Presumably it is this complaint that is the subject of Defendants' motion.

1

Rules for the Western District of Texas, and Local Rule CV-72. To the extent Defendants face difficulties in light of the upcoming deadline for filing dispositive motions, Defendants can file an appropriate extension request. The reasons for denying the present motion are further discussed below.

## Brief Background

Plaintiffs Richard Brewer, Jean Carol Lane, and the Texas Division of Sons of Confederate Veterans filed suit against Defendant Ron Nirenberg, the Mayor of San Antonio, and ten members of the San Antonio City Council, in their official capacities, challenging Defendants' removal of a confederate monument and other related items that were, until recently, on display in Travis Park in downtown San Antonio, Texas. *See* Dkt. No. 1. In their original complaint, Plaintiffs alleged that the monument's removal abridged their First Amendment Rights. *Id.* They also brought state law claims for attempted trespass to land and breach of an easement. *Id.*

On April 9, 2018—which was the deadline to request leave to amend or supplement pleadings[2]—Plaintiffs sought leave to file a second amended complaint containing the following:

> additional arguments for taxpayer standing; for failure of the charitable gift to defendants, resulting in reversion in the grantors; and for reformation of the charitable grant under the cy pres doctrine with transfer of the Travis Park Monument, the cannons, their carriages, and the time capsule to another charitable entity or entities that will fulfill the charitable purposes of the original charitable grants.

Dkt. No. 29. Citing "filing constraints," Plaintiffs attached to their motion for leave an "incomplete draft" of their proposed amended complaint. Defendants thereafter filed a response explaining that they did not oppose the motion. *See* Dkt. No. 31.

---

[2] *See* Dkt. No. 25.

On May 21, 2018, the undersigned denied Plaintiffs' motion because their submission of an "incomplete draft" proposed amended complaint did not comply with the local rules, which require an "executed copy" of an amended complaint to accompany any motion for leave to amend. *See* Local Rule CV-7(b). In denying Plaintiffs' motion, the undersigned also noted that although Plaintiffs clarified in their "incomplete draft" amended complaint that they are municipal taxpayers, they failed to allege that tax revenues from the relevant entity were expended on the disputed practice, a necessary prerequisite for municipal taxpayer standing. To the extent Plaintiffs desired to file a complete, executed amended complaint that set forth facts sufficient to establish their standing, the undersigned explained that any such request would necessarily be submitted out-of-time in light of the deadlines set forth in the governing Scheduling Order. The undersigned further noted that "any such request to file an amended complaint should comply with the governing local and federal rules."

On June 11, 2018, Plaintiffs again sought leave to file an amended complaint. *See* Dkt. No. 43. In that request, Plaintiffs proposed to amend their complaint with:

> arguments for taxpayer standing; for consideration of plaintiffs' First Amendment right of Free Speech in light of the recent *Masterpiece Cakes, Ltd. v. Colorado Civil Rights Comm'n* opinion; for defendants' violation of the Texas Antiquities Code and standing thereunder; and for failure of the public charitable gifts to defendants through their own conduct, which requires reversion in the donors.

Dkt. No. 43 at 2. Although Plaintiffs titled their motion as "opposed" and noted Defendants' opposition to the requested relief in their certificate of conference, Defendants did not timely file a response, which under the governing local rules would have been due on or before June 18, 2018. *See* Local Rules CV-7(c) & (e)(2). Accordingly, on June 22, 2018, the undersigned granted the motion as unopposed—as contemplated under the Local Rules. *See* Local Rule CV-7(e)(2). In doing so, the undersigned cited the following relevant local rules:

3

(1) Local Rule CV-7(e)(2), which requires any response to a non-dispositive motion be filed **within 7 days after** the motion is filed and further provides that "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed";

(2) Local Rule CV-7(c),[3] which lists the types of motions considered dispositive for purposes of determining whether a 7-day or 14-day deadline to respond applies; and

(3) Local Rule CV-7(d)(3), which provides that motions for leave to amend do not require supporting citations to legal authorities.

## Discussion

*First*, in their motion for reconsideration, Defendants assert without supporting authority that the undersigned granted Plaintiffs' motion for leave to amend "before the deadline for responding had passed." This is incorrect, as just discussed above. *See* Local Rules CV-7(c) & (e)(2). The undersigned actually waited several days *after* the response deadline before ruling on the motion.

*Second*, Defendants appear to believe that indicating opposition in response to a conference request is somehow tantamount to filing a response and actually opposing requested relief. It is not. The local rules plainly state that "A response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion. *If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed*." Local Rule CV-7(e)(2) (emphasis added).

*Third*, Defendants argue that Plaintiffs' motion for leave to amend should not have been granted because Plaintiffs have essentially now filed "a completely new lawsuit" in which they: (1) raise additional claims (a claim for violation of the Texas Antiquities Code and a claim that Defendants have "rendered the charitable gifts' purpose impossible"); (2) introduce additional

---

[3] The rule provides, "For purposes of this rule [*i.e.*, Local Rule CV-7 that includes deadlines for responses to dispositive and nondispositive motions], a 'dispositive motion' is a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment or partial summary judgment, a motion for new trial, or a motion for judgment as a matter of law."

parties (the City of San Antonio); and (3) now sue the Mayor and the individual City Council members in their individual (not just official) capacities. These are all matters Defendants could have brought to the Court's attention in a timely filed response, ideally along with an argument about how they affect the governing standard for amending pleadings.[4] Defendants did not do that. They also have not explained *why* they did not do that, or why the Court should consider these matters now even though they were not raised in a response.

*Fourth*, Plaintiffs' motion for leave to amend does not request leave to bring claims against any defendant in an individual capacity or to name the City of San Antonio as an additional party, even though the Second Amended Complaint attached to the motion does these things. Plaintiffs might argue that by submitting their Second Amended Complaint along with their motion for leave they adequately raised these matters. It might be argued in response that Plaintiffs had an obligation to point out candidly to opposing parties and the Court all the ways in which Plaintiffs' proposed amended complaint differed from the then-live complaint. Reasonable minds could perhaps differ about the persuasive force of these arguments. Plaintiffs seem to have certainly missed an opportunity to be fully candid with the Court. Ultimately, however, the onus must be on Defendants to bring these matters to the Court's attention in a response to the motion for leave. The vague opposition indicated in the certificate of conference in the Plaintiffs' motion for leave is not a response, and it is not intended to substitute for one. Nor does it serve to address these concerns in any kind of meaningful way.

*Fifth*, every party in litigation must anticipate the need to candidly and fully advocate its position by timely providing the Court with its arguments and, where required, supporting

---

[4] The undersigned notes in passing that Plaintiffs previously raised—in their first request for leave to amend—a claim that the charitable gifts' purpose failed. Defendants previously represented they did not oppose that initial request for leave.

5

authority. This is especially true when a party is opposed to relief requested by motion. No party should expect a court to take on the role of an advocate or otherwise to make a party's arguments for it. Here, Defendants did not respond to the motion for leave to amend, and they still fail to acknowledge or explain their failure to timely respond to the motion. As a result, Defendants provide the Court with no convincing reason to entertain Defendants' arguments in opposition to the motion for leave when those opposing arguments have been raised for the first time in a motion to reconsider. Ultimately, Defendants' complaint that the Court should not have granted the motion for leave as unopposed—a consequence specifically contemplated by the governing local rules—is without merit.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Reconsider Order Granting Plaintiffs' Leave to File a Third Amended Complaint, Dkt. No. 45, is **DENIED.** Defendants are free to re-raise the arguments urged in their motion for reconsideration in a timely filed appeal to the District Court. In light of this ruling, if Defendants require relief from the upcoming dispositive motions deadline, they should file an appropriate motion to extend that deadline.

**IT IS SO ORDERED**.

SIGNED this 2nd day of July, 2018.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE