IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, JEAN CAROL LANE, TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., *Plaintiffs* | § § § § § | |
| *v*. | § § | 5:17-CV-00837-DAE |
| RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, JOHN COURAGE, CLAYTON PERRY, *Defendants* | § § § § § § § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL INSPECTION**

TO THE HONORABLE DAVID A. EZRA, UNITED STATES DISTRICT JUDGE:

NOW COMES Defendants, RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, in their official capacities as Members of the San Antonio City Council (hereinafter "Defendants"), and file this their Response to Plaintiffs' Motion to Compel Inpsection in the above-styled lawsuit, and in support thereof would show unto the Court as follows:

1. Plaintiffs' originally filed a Motion to Compel Inspection of the property at issue in this lawsuit on May 1, 2018. (Dk. # 32)  On or about June 4, 2018, this Court entered an order granting in part and denying in part Plaintiffs' Motion to Compel Inspection. (Dk. #41) The Order required the inspection to be conducted, subjected to certain restrictions. The Order

indicated that the inspection was to occur no later than 30 days after Plaintiffs filed their amended complaint with leave of Court. Id.

2.    Plaintiffs' Second Amended Petition with leave of Court was filed on June 22, 2018. (Dk. #44). On Friday, June 15, prior to that filing, Plaintiffs requested to inspect the monument on June 26. On Monday, June 18, undersigned counsel responded. (Ex. A) On the same day, Plaintiffs asked to change the date to June 28. Id. On Monday, June 25, undersigned counsel informed Plaintiffs' counsel that due to conflicts, the inspection could not be scheduled, and requested additional dates. (Ex. B) Plaintiffs' counsel requested July 9 or 10. On Friday, Jude 29, undersigned informed Plaintiffs' counsel that the 10th looked probable, but was awaiting confirmation. (Ex. C) On Sunday, July 1, Plaintiffs' counsel forwarded an email stating he would be filing a motion to compel on Monday, on a weekend, only eight days after the period for scheduling the inspection began to run and after being informed the 10th was likely . (Ex. D) On July 2, 2018, at 9:37, undersigned counsel confirmed the 10th. (Ex. E) Plaintiffs had already filed this Motion to Compel at 8:57 a.m., less than an hour into the work day.

2.    There was no need for Plaintiffs' counsel to file this motion. Undersigned counsel had informed Plaintiffs that the 10th was likely and even if that had not been a good date, there were still twenty days left in the court ordered thirty day time period to reach an agreement on a date. Undersigned counsel never indicated to Plaintiffs' counsel that the Court's order would not be complied with.   Regardless, the inspection has been scheduled and Defendants have no intent of not appearing at the inspection. To that end, undersigned counsel requested that this motion be withdrawn. Plaintiff's counsel's response was that he would not withdraw it until after the inspection occurred, citing first to alleged "problems" in scheduling and then indicating that although he did not believe Defendants would obstruct the inspection, he wasn't sure if he and/or

his "expert" would be unable to come due to weather.   (Ex. F)   Plaintiffs' inability to appear is not a sufficient basis for compelling Defendants. Nor has there been any "problem" in scheduling.   Defendants have complied and intend to comply with this Court's order.  If Plaintiffs are unable to attend, Defendants will certainly work to coordinate a new date.

3.     Plaintiffs' Motion to Compel is untimely. There was no indication that Defendants would not cooperate in setting an inspection.  Indeed, the time for scheduling was barely a third of the way elapsed when the motion was filed.  Defendants have complied with the Court's order and, if Plaintiffs are unable to appear, there is still more than enough time to reschedule. Assuming the inspection occurs, Plaintiffs Motion is moot.  As such, Defendants ask that Plaintiffs' Motion be, in all things, denied.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request the Court DENY Plaintiffs' Motion to Compel in all things, and for such other and further relief as may be just.

Respectfully Submitted,

CITY OF SAN ANTONIO
Office of the City Attorney
Litigation Division
Frost Bank Tower
100 W. Houston St., 18th Floor
San Antonio, Texas  78205

/s/Deborah Lynne Klein
Deborah Lynne Klein
Deputy City Attorney
Bar No:  11556750
(210) 207-8919/ (210) 207-4357 Fax
deborah.klein@sanantonio.gov
*ATTORNEY FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

   I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on July 9, 2018:

Kirk David Lyons
PO Box 1235
Black Mountain, North Carolina 28711

David D. Vandenberg
Vandenberg Law, PLLC
3603D Las Colinas Dr.
Austin, Texas 782731

               /s/Deborah Lynne Klein_____
               DEBORAH LYNNE KLEIN