IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, JEAN CAROL | § | |
| LANE, TEXAS DIVISION SONS OF | § | |
| CONFEDERATE VETERANS, INC., | § | |
| *Plaintiffs* | § | |
| | § | |
| *v.* | § | 5:17-CV-00837-DAE |
| | § | |
| RON NIRENBERG, ROBERTO TREVINO, | § | |
| WILLIAM SHAW, REBECCA VIAGRAN, | § | |
| REY SALDANA, SHIRLEY GONZALES, | § | |
| GREG BROCKHOUSE, ANA | § | |
| SANDOVAL, MANNY PALAEZ, JOHN | § | |
| COURAGE, CLAYTON PERRY, | § | |
| *Defendants* | § | |

**DEFENDANTS' REPLY TO PLAINTIFFS'  RESPONSE TO DEFENDNATS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONRORABLE DAVID A. EZRA:

NOW COME RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, in their official capacities as Members of the San Antonio City Council and file this their Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment and would show unto the Court as follows:

1.      Defendants filed their Motion for Summary Judgment on July 16, 2018. (Dk. #54)  In that Motion Defendants sought summary judgment as to each cause of action alleged by Plaintiffs in their current live petition - violation of free speech, violation of the Texas Antiquities Code, Tex. Nat. Res. Code Ch. 191, rendering of a "charitable gifts' purpose impossible" charitable trust and conversion.  Plaintiffs filed their response on August 13, 2018.  (Dk. #56).  In their response, Plaintiffs failed to meet their burden of proof to establish evidence to support each element of the

claims asserted. Plaintiffs failed to bring forth any relevant case law to support any issue asserted by them in their current pleading. As there is no material fact issue as to any claim asserted by Plaintiffs, Defendants are entitled to summary judgment as a matter of law.

**3.**     **Standing.**  Defendants challenged Plaintiffs standing to bring this suit, setting forth the basic elements of standing – an injury in fact that is fairly traceable to the challenged conduct of the defendant and that is likely to be redressed by a favorable judicial decision.  (Dk. #54, p. 7) Defendants asserted that there was no evidence to establish that Plaintiffs had a legally protected interest or a particularized interest.  (Dk. #54, pp. 8-10).  In response, Plaintiffs merely recite the elements and make blanket, conclusory statements unsubstantiated by any evidence in the record. (Dk. # 56, pp. 16-19).  This is insufficient to meet their burden of proof and as such their claims should be dismissed.

Defendants also challenged Plaintiff Brewer's assertion of tax payer standing.  Plaintiff Brewer offers evidence that he is a tax payer of the City of San Antonio and that the City of San Antonio expended funds in the past for the removal of the Monument. However, he completely ignores the basis for taxpayer standing under the very case he relies on in his complaint in his response – ***Ehm v San Antonio***, 269 Fed. App'x 375 (5th Cir. 2008).  As pointed out in Defendants' motion, ***Ehm*** recognizes a narrow basis for taxpayer standing in cases where the taxpayer is seeking to enjoin the illegal use of taxpayer monies.  (Dk. # 54, pp. 11-12)  Plaintiff Brewer fails to identify any live pleading for injunctive relief, nor does he offer any evidence of any ongoing or future expenditure of taxpayer monies.  Plaintiff Brewer has not established his entitlement to taxpayer standing and therefore his claims should be dismissed.

As to Plaintiff Texas Division, Sons of Confederacy, the response fails to address the organizational standing challenges raised in Defendants' motion.  As contended in Defendants'

motion and as set forth above, Plaintiffs have failed to provide any evidence or legitimate argument to establish that the TDSC's individual members would have standing to bring suit on their own behalf; thus there is no standing for the organization.

4.  **Free Speech**.  Even assuming Plaintiffs have standing, which Defendants deny, they have failed to produce any evidence or legitimate legal argument to support their entitlement to an allegation of violation of their Free Speech rights.  In brief, Plaintiffs argument appears to be that the Second Circuit's decision in the 1988 case of ***Serra v United States General Services Administration***, 847 F.2d 1045, is supersedes the Supreme Court's 2009 decision in ***Pleasant Grove City, Utah v Summom***, 555 U.S. 460, 129 S.Ct. 1125.  Plaintiffs' argument is without merit because, in fact, Serra stands for the same proposition as ***Summom***.  The Court in Serra recognized the government's right to advance or restrict its own speech, even though similar conduct in regulating private citizens would be forbidden.  ***Serra*** at 1048-1049.  The Supreme Court decision in Summon confirms the governments' right to say what it wishes and to select the views it wants to express.  ***Summon*** at 470.  Plaintiffs offer no legal argument that supplants this decision.  Defendants are entitled to summary judgment on Plaintiffs' claims of free speech violations.

5.  **Texas Antiquities Code.**  In a similar manner, Plaintiffs appear to put on blinders and ignore the relevant law in arguing their claim under the Texas Antiquities Code.  As a prime example of this, Plaintiffs state that "[l]andmarks on state or local public land are protected whether they are identified or not," citing to 13 Texas Administrative Code §26.2(3). (Dk. #56, p. 19).  This section is completely inapplicable in that it relates to "breaking ground" on state or local public land.  Now where in that section, or in any other part of § 26.2, is there language to

support a contention that landmarks are covered by the Texas Antiquities Code, whether identified or not.

Defendants' Motion challenged the applicability of the Texas Antiquities Code in light of the fact that there is no evidence that the Monument was ever designated a landmark by the Texas Historical Commission.  Plaintiffs appear to argue that the Code does not require designation; that  it was of historic, educational and archeological interest and therefore no designation was required.  (Dk. #56, pp. 19-20).  Plaintiffs' argument is that Texas Natural Resources Code § 191.092(a)  only requires that a structure meet these elements to be a protected landmark.  However, Plaintiffs ignore the final phrase of that section which clearly indicates that such structures are merely "eligible for designation."   Plaintiffs offered no evidence of designation and therefore, there is no claim under the Texas Antiquities Code.

6.     **<u>Charitable Trust/Charitable Gift.</u>**  Plaintiffs likewise offer no evidence to support their contention of a violation of a charitable trust.  At most, as in their complaint, Plaintiffs assert that the two cannon associated with the Monument were given to the City for the benefit of the confederate camp.  Even disregarding the lack of credible evidence to support this theory, Plaintiffs offer not evidence of the terms of this supposed trust or any action by the City that breached any such term.  Plaintiffs offer no evidence that the cannon were gifted to the City with the express requirement that they be placed in Travis Park in perpetuity.  There is no evidence of any limit to the discretion of the City as to where the cannon are to be located.  Plaintiffs have no cause of action for breach of a charitable trust or misuse of a charitable gift.

7.     **<u>Conversion</u>**.   Plaintiffs do not address the conversion claim asserted in their live pleading.  As they have failed to bring forth any evidence to support such a claim, Defendants are entitled to summary judgment as a matter of law.

8.      Defendants are entitled to dismissal of all claims in this suit.  Additionally, as set forth in the original motion, as suit against these Defendants in their official capacities is the same as suit against the City of San Antonio, dismissal of these claims at these junctions should also apply to the claims against the City of San Antonio, brought in as a party to this suit in June, 2018. Additionally, as Plaintiffs cannot establish standing in this matter, all newly asserted claims against these Defendants in their individual capacities, as first plead in June 2018, should also be dismissed.

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, and CLAYTON PERRY, in their official capacities as Members of the San Antonio City Council, pray this Court grant this Motion for Summary Judgment or alternatively Motion to Dismiss in all things, that final judgment be entered in favor of Defendants  and for such other and further relief, both in law and in equity, to which these Defendants may be entitled.

Respectfully Submitted,

CITY OF SAN ANTONIO
Office of the City Attorney
Litigation Division
Frost Bank Tower
100 W. Houston St., 18th Floor
San Antonio, Texas  78205

/s/Deborah Lynne Klein
Deborah Lynne Klein
Deputy City Attorney
Bar No:  11556750
(210) 207-8919/ (210) 207-4357 Fax
deborah.klein@sanantonio.gov
*ATTORNEY FOR DEFENDANTS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on August 27, 2018:

Kirk David Lyons
PO Box 1235
Black Mountain, North Carolina 28711

David D. Vandenberg
Vandenberg Law, PLLC
3603D Las Colinas Dr.
Austin, Texas 782731

/s/Deborah Lynne Klein
DEBORAH LYNNE KLEIN