IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., <br>    *Plaintiff*, <br><br> *v.* <br><br> RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, JOHN COURAGE, CLAYTON PERRY, <br>    *Defendant* | § § § § § § § § § § § § § § § § | 5:17-CV-00837-DAE |

**DEFENDANTS NIRENBERG, TREVINO, SHAW, VIAGRAN, SALDANA, GONZALES, BROCKHOUSE, SANDOVAL, PALAEZ, COURAGE AND PERRY, IN THEIR INDIVIDUAL CAPACITIES' F.R.C.P. 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE DAVID EZRA:

NOW COMES CITY OF SAN ANTONIO, DEFENDANT in the above styled and numbered cause and files this its F.R.C.P. 12(b)(6) Motion to Dismiss and would show the Court as follows:

1.      Plaintiffs originally filed this suit on August 30, 2017 against Defendants Nirenberg, Trevino, Shaw, Viagran, Saldana, Gonzales, Brockhouse, Sandoval, Palaez, Courage and Perry in their official capacities. (Dk. #1) These Defendants are all elected officials of the City of San Antonio and thus, suing them in their official capacity is equivalent to suing the City of San Antonio. On June 22, 2018, pursuant to Court Order, Plaintiffs were allowed to file their Second Amended Complaint, alleging claims against these Councilmembers in their individual capacities. (Dk. #44). Plaintiffs' current live petition alleges causes of action for:

- violation of free speech,

- violation of the Texas Antiquities Code, Tex. Nat. Res. Code Ch. 191,

- rendering of a "charitable gifts' purpose impossible," and

- conversion.[1]

Defendants in their individual capacities now file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiffs have failed to state a claim against them on which relief may be granted.[2]

2. In their pleading, Plaintiffs state that "the City Council voted to remove the Travis Park Confederate Monument." (Dk. #44, p. 8). In fact, the removal of the statue was authorized by Ordinance 2017-08-31-0598, which is already part of this record in this case. (Dk. #54, Ex. A, Attachment 6). All of Plaintiffs' claims are based on this action – removal of the statue. (Free Speech – "Defendants removed the Travis Park Monument solely because they disfavored plaintiffs' political speech and imputed repugnant speech to the Monument." (Dk. #44, p. 19); Texas Antiquities Code – "Defendants violated the Texas Antiquities Code by removing the Travis Park Monument. . . " (Dk. #44, p. 21); Charitable Gifts Purpose – ". . . the defendants have taken an extraordinary measure by removing the Monument and cannon from Travis Park." (Dk. #44, p. 32)). Plaintiffs assert no action by any of these Defendants in their individual capacity for which liability would attach.

---

[1] In their pleading Plaintiffs limit the claim of conversion to the City alone. (Dk. #44, p. 40-41) However, even if they attempt to seek this claim against these individual Defendants, such claim is dismissed based on Tex. Civ. Prac. & Rem. Code §101.106, as asserted by Defendants in their official capacity in their Motion for Summary Judgment. (Dk. #54).

[2] Plaintiffs forwarded Waiver of Service forms to each of the Defendants Individually on July 3, 2018. Defendants were allowed sixty days after the request was sent to file their answer. F.R.C.P. 4(d)(3). That date fell on September 2, 2018, a Sunday, thus the deadline moves to the next day, September 3, which was Labor Day. Thus, the date for filing falls on September 4, 2018. F.R.C.P. 6(a)(1)(C).

Defs' (Ind. Cap.) 12(b)(6) Motion to Dismiss
*Brewer, et. al. v Nirenberg, et. al.,* Cause No. SA-17-CV-00837-DAE
Page 2 of 5

3. Defendants in their individual capacity are entitled to the protections of legislative immunity. This concept is recognized at both the state and federal levels. "The principle that legislators are absolutely immune from liability for their legislative activities has long been recognized in Anglo–American law*."* ***Bogan v Scott-Harris***, 523 U.S 44, 48, 118 S.Ct. 966 (1998). "Local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities. . . Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." ***Id. at*** 54. *See also* ***Joe v Two Thirty Nine Joint Venture***, 145 S.W. 3d 150, 157 (Tex. 2004*)("[i]ndividuals acting in a legislative capacity are immune from liability for those actions*.") Plaintiffs also appear to attempt to attach liability based on comments made by some of the individual Defendants. (Dk. #44, p. 19) Public discourse at official meetings is legislative activity and is also protected by legislative immunity. United States Constitution Art. 1, §6 provides that legislators are "privileged . . . for any Speech or Debate in either House, they shall not be questioned in any other Place." See Tenney v Brandhove, 341 U.S. 367, 378 (1951); Gravel v U.S., 408 U.S. 606, 615-161 (1972). To the extent that Plaintiffs claim statements were made other than in official capacities, they fail to plead any facts to support any cause of action from such statements being made. All of their claims are based solely in the removal of the statute, which occurred due to a legislative act. As all of the actions Plaintiffs allege Defendants took and on which they base their claims are clearly legislative in nature, these Defendants should be dismissed from this suit in their individual capacities.

4. To the extent that Plaintiffs attempt to allege individual liability under the Texas Antiquities Code, Plaintiffs have again failed to state a claim on which relief can be granted. Plaintiffs assert that the Defendants in their individual capacity may be subject to criminal

_____
Defs' (Ind. Cap.) 12(b)(6) Motion to Dismiss
*Brewer, et. al. v Nirenberg, et. al.,* Cause No. SA-17-CV-00837-DAE
Page 3 of 5

penalties under the Code, citing to Tex. Nat. Resources Code §191.171.  However, this is not a criminal action and Plaintiffs have no right to assert such a claim.  To the extent that the Code does provide a private cause of action, this is limited to restraining orders and injunctive relief.  Tex. Nat. Resources Code §191.173.  While Plaintiffs did initially seek this relief, almost a year before bringing claims against these Defendants in their individual capacities, their request for injunctive relief was denied.  (Dk. # 7, Dk. #16).  The statue has now been removed so there is no basis for injunctive relief.  Therefore, Plaintiffs cannot assert a cause of action against these Defendants in their individual capacities under the Texas Antiquities Code.

5. As to both state law claims, Plaintiffs have failed to plead any waiver of immunity by the State legislature that would allow for their suit to proceed.

> Absent Legislative waiver, sovereign immunity deprives Texas courts of subject-matter jurisdiction over any suit against the State or its agencies, such as DSHS. The same immunity generally extends to Texas state officials who are sued in their official capacities, as is the Commissioner here, because that "is merely 'another way of pleading an action against the entity of which [the official] is an agent.' " Consequently, to invoke the district court's subject-matter jurisdiction to adjudicate their claims, appellees had the burden of pleading or presenting facts that would demonstrate their claims either come within a legislative waiver of immunity or avoid implicating immunity in the first instance.

***Tex. Dept. of State Health Services v Balquinta***, 429 S.W.3d 726, 738 (Tex. App. – Austin, 2014, *pet. rev. dism'd*)  Plaintiffs have neither plead or presented facts to show their claims come within a legislative waiver nor plead or presented facts that avoid implicating immunity in the first instance.  Clearly, the actions of these Defendants occurred as the unified action of the San Antonio City Council and thus they have failed to state a claim on which relief may be granted under any state theory.

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS Nirenberg, Trevino, Shaw, Viagran, Saldana, Gonzales, Brockhouse, Sandoval, Palaez, Courage and Perry, In Their

_____
Defs' (Ind. Cap.) 12(b)(6) Motion to Dismiss
*Brewer, et. al. v Nirenberg, et. al.,* Cause No. SA-17-CV-00837-DAE
Page 4 of 5

Individual Capacities pray this Court grant this Motion in all things, that the claims asserted against them in their individual capacities be dismissed and for such other and further relief, both in law and in equity, to which these Defendants may be entitled.

        Respectfully Submitted,

        CITY OF SAN ANTONIO
        Office of the City Attorney
        Litigation Division
        Frost Bank Tower
        100 W. Houston St., 18th Floor
        San Antonio, Texas  78205

        /s/Deborah Lynne Klein
        Deborah Lynne Klein
        Deputy City Attorney
        Bar No:  11556750
        (210) 207-8919/ (210) 207-4357 Fax
        deborah.klein@sanantonio.gov
        *ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on September 4, 2018:

Kirk David Lyons
PO Box 1235
Black Mountain, North Carolina 28711

David D. Vandenberg
Vandenberg Law, PLLC
3603D Las Colinas Dr.
Austin, Texas 782731

        /s/Deborah Lynne Klein
        DEBORAH LYNNE KLEIN

Defs' (Ind. Cap.) 12(b)(6) Motion to Dismiss
*Brewer, et. al. v Nirenberg, et. al.,* Cause No. SA-17-CV-00837-DAE
Page 5 of 5