UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, and TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., | § § § § | No. SA:17–CV–837–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, JOHN COURAGE, CLAYTON PERRY, and the CITY OF SAN ANTONIO, | § § § § § § § § § § § | |
| Defendants. | § § | |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT;
<u>DENYING AS MOOT MOTION TO DISMISS</u>

Before the Court are Defendants the Mayor of San Antonio, Texas, and ten members of the San Antonio City Council's Motion for Summary Judgment or Alternatively, Motion to Dismiss (Dkt. # 54), and Defendants Nirenberg, Trevino, Shaw, Viagran, Saldana, Gonzales, Brockhouse, Sandoval, Palaez, Courage and Perry, in their individual capacities' Rule 12(b)(6) Motion to Dismiss (Dkt. # 59). Pursuant to Local Rule CV-7(h), the Court finds these

matters suitable for disposition without a hearing. Upon careful consideration of the arguments asserted in the parties' memoranda, the Court, for the reasons that follow, **GRANTS** the Motion for Summary Judgment (Dkt. # 54), and **DENIES AS MOOT** the Motion to Dismiss (Dkt. # 59).

BACKGROUND

The Sons of Confederate Veterans ("Confederate Veterans) is an organization dedicated to preserving the memory of Americans who fought for the Confederacy during the Civil War.[1] (See Dkt. # 44.) According to the Confederate Veteran's website, its membership is limited to male descendants of Confederate Veterans. See http://www.scv.org/new/. Defendants are the Mayor and City Council members of the City of San Antonio. (Dkt. # 44 at 1–3.)

In August 2017, the San Antonio City Council enacted an ordinance for the removal of a Confederate Monument ("the Monument") located in Travis Park in downtown San Antonio. On August 31, 2017, the City Council voted to remove the Monument. One day before, on August 30, 2017, Plaintiffs Richard Brewer and the Texas Division of the Confederate Veterans (collectively, "Plaintiffs"), filed suit against Defendants in this Court, alleging federal claims under the First Amendment and for Due Process, as well as state law claims for attempted trespass to land and for breach of an easement. (Dkt. # 1.) Plaintiffs

---

[1] Although not clear from Plaintiffs' filings, the individual Plaintiff is presumably a member of the Confederate Veterans. (See Dkts. ## 1, 2.)

simultaneously filed a motion for Temporary Restraining Order ("TRO"), asking the Court to immediately restrain Defendants from removing the Monument. (Dkt. # 2.) After a hearing, the Court denied the motion for TRO, but directed that the removal of the Monument be carried out in such a manner as to preserve the integrity of the Monument, and that the Monument be stored in a secure location in order to protect it from damage or from being defaced pending resolution of this lawsuit. (Dkt. # 7 at 8–9.) On September 1 and 2, 2017, the City removed the Monument.

After several other filings in this case, Plaintiffs were granted leave to file a second amended complaint. (Dkt. # 44.) Plaintiffs' second amended complaint added a new defendant, the City of San Antonio ("the City"), and added that suit be brought against each council member in both their official and individual capacities. (Id.) The complaint alleges causes of action for violation of free speech, violation of the Texas Antiquities Code, a claim for charitable trust/gift, and a conversion claim. (Id.)

On July 16, 2018, Defendants filed the motion for summary judgment or, in the alternative, motion to dismiss. (Dkt. # 54.) On August 13, 2018, Plaintiffs filed a response in opposition. (Dkt. # 56.) Defendants filed a reply on August 27, 2018. (Dkt. # 58.) On September 4, 2018, Defendant council members, in their individual capacities, filed the motion to dismiss. (Dkt. # 59.)

LEGAL STANDARD

I.   Summary Judgment

A movant is entitled to summary judgment upon showing that "there is no genuine dispute as to any material fact," and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enters., L.L.C., 756 F.3d 875, 880 (5th Cir. 2014). A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make

credibility determinations or weigh the evidence." Tiblier v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

II. Federal Rule of Civil Procedure 12

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation and internal quotation marks omitted)).

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s].'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). To survive defendants' motions, plaintiffs' pleadings

5

must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556); see also Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).

Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

6

DISCUSSION

Defendants' motion for summary judgment seeks dismissal of Plaintiffs' claims on the basis that: (1) Plaintiffs lack standing to bring some or all of the claims; (2) Plaintiffs have failed to state a claim on which relief can be granted; (3) there is no evidence to support one or more element of Plaintiffs asserted causes of action; and (4) the Court lacks jurisdiction over some of the claims. (Dkt. # 54.) The Court will first consider whether Plaintiffs have standing to bring any of their claims.

Defendants argue that Plaintiffs do not have standing to bring some or all of their claims. (Dkt. # 54.) Defendants contend that Plaintiffs have not alleged any particularized interest and therefore have not alleged a sufficient injury in fact to confer standing. Defendants also assert that Plaintiff Brewer does not have taxpayer standing nor do Plaintiffs have organizational standing.

To have standing to sue, a plaintiff must show that he personally suffered some actual or threatened injury, that the injury is fairly traceable to the defendant's challenged action, and that the relief requested will redress the injury. Doe v. Tangipahoa Parish Sch. Bd., 494 F.3d 494, 496 (5th Cir. 2007); Center for Individual Freedom v. Carmouche, 449 F.3d 655, 659 (5th Cir. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). In addition, the injury must be an "invasion of a legally protected interest which is (a) concrete and

particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560.  The Fifth Circuit strictly enforces the standing requirement as an essential element of subject matter jurisdiction.  See Doe, 494 F.3d at 498 (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541–42 (1986)).

A. Concrete and Particularized

To satisfy the injury-in-fact prong, a plaintiff must allege an invasion of a "legally protected interest," that is both "concrete and particularized." Plaintiffs assert they have standing to sue on the basis that "Defendants impermissible restriction of plaintiffs' right to expression of their political viewpoint is a restriction of a legally protected interest." (Dkt. # 56 at 17–18.) In other words, Plaintiffs contend that the City engaged in viewpoint discrimination when the City removed the Monument.  According to Plaintiffs, their viewpoint—glorifying a Confederate legacy—was reflected in the Monument.  (Id.) Additionally, they allege they were injured "by [Defendants] rendering impossible the public charitable gift of political speech intended to benefit plaintiffs and expressed by the Monument group." (Id.)

Plaintiffs further assert that their injuries were particularized because Defendants' removal of the Monument terminated political speech that Defendants and Plaintiffs had jointly established in 1908.  (Dkt. # 56 at 17.)  Plaintiffs argue that "[t]his injury is particularized[] because no one else was involved in the

mutually joined speech act of placing the Monument ensemble, except plaintiffs and defendants." (Id. at 17–18.) According to Plaintiffs, when the Monument was removed, Defendants "terminated plaintiffs' jointly established political speech," injuring Plaintiffs alone because Plaintiffs had "directed the establishment of the speech act and defendants acted in agreement for 110 years." (Id. at 18.)

When standing is contested, the appropriate inquiry is whether the interest is cognizable in the abstract, and then, whether such interest is concrete and particularly felt by those bringing suit; if the interest alleged is both cognizable and particularly felt, it is an injury in fact. See Lujan, 504 U.S. at 563 ("[T]he injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured."). Here, Plaintiffs' interest is cognizable and Plaintiffs have satisfied a concrete interest—free speech. See Pleasant Grove City, Utah v. Summum, 555 U.S. 460 (2009); Church of Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520 (1993). Concreteness, however, is not enough—the interest must also be particularized.

Notably, Plaintiffs have not complained that Defendants have taken any direct action again either Brewer or the Confederate Veterans. Instead, they complain, as stated above, that they "directed the establishment of the speech [contained in the Monument] and defendants acted in agreement for 110 years," and were thus injured by the Monument's removal. However, as our sister court in

Austin recently held on a very similar case, "[s]ubjective ideological interests—no matter how deeply felt—are not enough to confer standing." McMahon v. Fenves, No. 1:17-CV-822-LY, 2018 WL 3118692, at *4 (W.D. Tex. June 25, 2018) (citing Sierra Club v. Morton, 405 U.S. 727, 729–35 (1972)). "Our system of governance assigns the vindication of value preferences to the democratic political process, not the judicial process, see Lujan, 504 U.S. at 576, 112 S.Ct. 2130, because limiting the right to sue to those most immediately affected 'who have a direct stake in the outcome' prevents judicial review 'at the behest of organizations who seek to do no more than vindicate their own value preferences.'" Id. (quoting Sierra Club, 405 U.S. at 740). Here, Plaintiffs seek to do just that. Plaintiffs are likely more deeply attached to the values embodied by the Monument than the average person walking through Travis Park, "but their identities as descendants of Confederate veterans do not transform an abstract ideological interest in preserving the Confederate legacy into a particularized injury." See id. Thus, the alleged free-speech injury of Plaintiffs, while perhaps cognizable in the abstract, is not an injury in fact.

 B. Taxpayer Standing

  Still, Plaintiff Brewer asserts that he has taxpayer standing to bring his claims. (Dkt. # 44.) Taxpayer standing is an exception to the general rule that the plaintiff must show a particularized injury distinct from that suffered by the public.

See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555–56 (Tex. 2000); Hendee v. Dewhurst, 228 S.W.3d 354, 373–74 (Tex. App.—Austin 2007, pet. denied).  A plaintiff relying on taxpayer standing can seek to enjoin *prospective* expenditures of public funds, but cannot recover funds *already expended*. Williams v. Huff, 52 S.W.3d 171, 180 (Tex. 2001) (emphasis added).  To establish taxpayer standing, a plaintiff must show that (1) he is a taxpayer, and (2) public funds *are to be* expended on the allegedly illegal activity.  Id. at 179; Ehm v. San Antonio City Council, 269 F. App'x 375, 377 (5th Cir. 2008) (per curiam).

The "illegal expenditure" exception is a long-recognized, but narrowly limited, exception to the general prohibition against recognizing taxpayer standing.  See Williams, 52 S.W.3d at 180; Bland Indep. Sch. Dist., 34 S.W.3d at 555 (both quoting Osborne v. Keith, 177 S.W.3d 198, 200 (Tex. 1944)).  The limited standing permitted a taxpayer under this exception applies only when the taxpayer seeks (1) to challenge a proposed, allegedly illegal, expenditure and (2) to enjoin the expenditure.  See Williams, 52 S.W.3d at 181; Bland Indep. Sch. Dist., 34 S.W.3d at 556 (both citing Hoffman v. Davis, 100 S.W .2d 94, 96 (1937)).

Brewer asserts that he has taxpayer standing because he is a resident taxpayer of San Antonio and he has contested the removal of the Monument as unconstitutional.  (Dkt. # 44 at 11.)  He further argues that Defendants expended taxpayer funds in the illegal removal.  (Id.)  In response, Defendants contend that

11

Plaintiffs have no evidence that the City is *currently* spending taxpayer funds in relation to the Monument, nor any evidence that taxpayer funds will be spent in the future.  (Dkt. # 54 at 12.)  Defendants further argue that Brewer cannot maintain taxpayer standing because Plaintiffs' second amended complaint fails to plead any request for injunctive relief.  (Id.)

       Here, the Court must consider the issue of Brewer's standing as a taxpayer in context.  Plaintiffs filed suit in this case just prior to the removal of the Monument, and thus it would seem likely, at that time, Brewer had taxpayer standing to challenge and enjoin the removal of the Monument since taxpayer funds were proposed to be prospectively spent on its removal.  (See Dkt. # 56-1.)  Thus, the Court proceeded to consider the merits of Plaintiffs' challenge in its Order on Plaintiffs' Motion for Temporary Restraining Order.  (Dkt. # 7.)  While the Court noted in its Order that Plaintiffs had not alleged how they had standing to challenge the removal, the Court nonetheless proceeded to review Plaintiffs' motion, stating that "even if Plaintiffs can demonstrate standing, they have not established the elements necessary for the Court's issuance of a TRO."  (Id. at 4.)  Thus, even though Plaintiffs had not yet pled or demonstrated standing, given the sensitive timing of the request, the Court assumed that Plaintiffs had, or could at least demonstrate, taxpayer standing.

Since that time, the Monument was removed and the taxpayer funds used on its removal were previously expended. As a result, there is nothing left to enjoin from Plaintiffs' original complaint. Indeed, Plaintiffs' second amended petition no longer seeks injunctive relief. (See Dkt. # 44.) Accordingly, the original issue for which Plaintiffs filed suit is moot. See Envtl. Conserv. Org. v. City of Dall., 529 F.3d 519, 524–25 (5th Cir. 2008) ("'Mootness is the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" (quoting U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980))). Given this, the Court does not see how Plaintiffs can now maintain taxpayer standing to assert the claims alleged in their second amended complaint. The taxpayer funds have already been spent to remove the Monument, and Plaintiffs' second amended complaint no longer seeks to enjoin future, allegedly illegal expenditures of public funds. The second amended complaint alleges only that "Defendants *expended* taxpayer funds in the illegal removal." (Dkt. # 44 at 11.)

While not binding on this Court, the Texas Supreme Court has determined that a taxpayer may maintain an action solely to challenge *proposed* illegal expenditures; he or she may not sue to recover funds *previously* expended or challenge expenditures that are merely "unwise or indiscreet." Williams,

13

52 S.W.3d at 180 (citing Hoffman, 100 S.W.2d at 96; Osborne, 177 S.W.2d at 200). Only the public entity affected by an allegedly illegal expenditure has standing to sue to recover already expended funds. See Bland Indep. Sch. Dist., 34 S.W.3d at 556 (quoting Hoffman, 100 S.W.2d at 96). Accordingly, because Plaintiffs no longer seek to enjoin the prospective expenditure of taxpayer funds on allegedly illegal activity, the Court finds that Brewer lacks taxpayer standing to bring the claims alleged in Plaintiffs' second amended complaint.

    C.    Organizational Standing

To the extent the Confederate Veterans rely on associational or organizational standing to bring their claims, this too fails. An association seeking to "bring suit on behalf of its members" has standing only if "its members would otherwise have standing to sue in their own right." Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 343 (1977).

Here, the Confederate Veterans have not alleged any injury different from that of Brewer. Though the Confederate Veterans argue the injury is unique to its members, it is the same injury alleged by Brewer and is not sufficient to confer standing. Because the Confederate Veterans plead no injury to its members other than an injury rejected by this Court, as stated above, it has not pleaded that "its members would otherwise have standing to sue in their own right."

Accordingly, the Confederate Veterans lack associational standing to bring this lawsuit.

An "organization can establish standing in its own name if it meets the same standing test that applies to individuals."  OCA-Greater Houston v. Texas, 867 F.3d 604, 610 (5th Cir. 2017).  Plaintiffs' response to Defendants' motion for summary judgment fails to produce any argument or evidence in support of organizational standing.  In any case, as addressed above, Plaintiffs have failed to allege a concrete, particularized, and imminent injury; therefore, Plaintiffs have not demonstrated that they have organizational standing.

D. State-Law Claims and Supplemental Jurisdiction

To the extent Plaintiffs have standing to bring any state-law causes of action, the Court will decline to exercise supplemental jurisdiction over them.  A court may decline to exercise supplemental jurisdiction over state-law claims when it has "dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); see also Artis v. District of Columbia, ––– U.S. –––, 138 S. Ct. 594, 597–98 (2018) ("When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims."); accord Heggemeier v. Caldwell Cty., Texas, 826 F.3d 861, 872–73 (5th Cir. 2016).  The Sixth Court of Appeals of Texas considered and rejected similar state-law claims brought by some of these Plaintiffs.  See Bray v. Femes,

15

No. 6-15-00075-CV, 2016 WL 3083539 (Tex. App.—Texarkana Mar. 24, 2016, pet. denied).  Since all federal law claims have been dismissed for lack of standing,[2] this Court will not exercise its supplemental jurisdiction over any remaining state-law claims.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment or, in the Alternative, Motion to Dismiss (Dkt. # 54), and **DENIES AS MOOT** Defendants Nirenberg, Trevino, Shaw, Viagran, Saldana, Gonzales, Brockhouse, Sandoval, Palaez, Courage and Perry, in their individual capacities' Rule 12(b)(6) Motion to Dismiss (Dkt. # 59).  Plaintiffs' federal law claims are **DISMISSED** for **LACK OF STANDING**; Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**.  The Clerk's Office is **INSTRUCTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, September 17, 2018.

_____
David Alan Ezra
Senior United States Distict Judge

---

[2] The Court takes no position on whether Plaintiffs' alleged injuries finds support in First Amendment case law or would ultimately be successful on the merits.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (refusing to decide merits before resolving Article III jurisdictional questions "because it carries the courts beyond the bounds of authorized judicial action").